[No. 2,891.]

## E. B. HIGGINS *v.* JAMES BARKER AND B. W. THOMPSON.

WATER RIGHTS—JUDGMENT CONSISTENT WITH VERDICT.—H. constructed a water-ditch, by which he appropriated three hundred inches of water from a running stream, but not all of the stream. B. appropriated the remainder of the water. Subsequently H. made a new ditch, appropriating water from the same stream. In a suit to enjoin B. from interfering with H. in the use of the water, H. obtained a verdict that the second ditch did not diminish the quantity appropriated by B., and judgment was ren-

dered enjoining B. from disturbing H. in the use of three hundred inches of water. *Held*, that the judgment was consistent with the verdict and with justice.

APPEAL from the District Court of the First Judicial District, County of Santa Barbara.

The facts are stated in the opinion of the Court.

*J. Franklin Williams,* for Appellants.

*Charles E. Huse,* for Respondent.

By the Court, CROCKETT, J.:

The plaintiff alleges that in 1867 he constructed a ditch, whereby he appropriated, and thenceforth continued to use, for milling and other useful purposes, the waters of a certain creek flowing along the margin of his land; that afterwards, and whilst he was so using the water, the defendants, with force and violence, tore down his dam, so as to prevent the flow of water in the ditch, and refuse to permit him to maintain the dam, threatening again to destroy it if he should rebuild it; that the defendants are unable to respond in damages, and that the injury which he would suffer, if the dam is abated, would be irreparable. The prayer is for damages and for an injunction restraining the defendants from interfering with plaintiff in the use of the water.

The answer, after denying most of the material averments of the complaint, sets up new matter, to the effect that the first ditch constructed by the plaintiff was a small ditch, carrying only a part of the water of the creek, leaving a surplus, which the defendants appropriated for domestic purposes and irrigation; that after they had so appropriated the surplus water, the plaintiff constructed a new ditch of larger capacity, which carried off and diverted all the water of the creek from its natural bed, and entirely cut off that portion of the water which the defendants had appropriated. As

affirmative relief, they pray for damages against the plaintiff.

At the trial a jury was impaneled, to whom special issues were submitted, and who found, in effect, that the construction of plaintiff's ditch in 1867 was an appropriation of the waters of the creek to the extent of the capacity of the ditch, which was sufficient to carry the greater portion, but not all the water of the creek; that the plaintiff, therefore, did not appropriate *all* the water of the creek; that in the Spring or Summer of 1870 the plaintiff built a new dam or ditch, which diverted a portion of the water of the creek, but not enough to diminish the quantity appropriated by the defendants. The Court entered a judgment fixing the quantity of water to which the plaintiff is entitled at three hundred inches, which it finds to have been the capacity of the plaintiff's first ditch, and enjoining the defendants from disturbing the plaintiff in the use and enjoyment of that quantity of water. But no damages were awarded either to the plaintiff or defendants. From this judgment the defendants appeal on the judgment roll alone, and insist that on the facts found by the jury the injunction ought to have been dissolved and the complaint dismissed. But I discover no error in the record. The plaintiff first appropriated all the water which his original ditch would carry, which the Court finds was three hundred inches; and the defendants afterwards appropriated the whole or a portion of the surplus. Subsequently the plaintiff constructed a new dam or ditch; but the judgment limits the quantity of water to be diverted by the plaintiff to three hundred inches, which is the amount originally appropriated, and leaves all the surplus for the use of the defendants. The judgment appears to me to be entirely consistent with the verdict and with justice, so far as the facts are disclosed in the record.

Judgment affirmed.