[No. 3,356.]

## J. L. SOUTHMAYD *v.* JOHN HENLEY.

EJECTMENT ON PRIOR POSSESSION.—One who has built a fence of any kind around land, which, together with natural barriers, is sufficient to turn cattle, and has used it for pasturage, can maintain ejectment to recover it from a mere intruder, who enters upon it without right or title.

EVIDENCE OF OUTSTANDING TITLE IN EJECTMENT. — A mere intruder, who enters upon a portion of a tract of land previously inclosed by another, cannot, in ejectment brought by the prior possessor, introduce evidence of title outstanding in a third person, either to defeat a recovery or to reduce the damages.

IDEM.—In ejectment by a prior possessor for a part only of an inclosed tract of land, the defendant, if a mere intruder, cannot introduce evidence of title outstanding in a third person to a portion of the land inclosed, other than the demanded premises.

APPEAL from the District Court of the Eighth Judicial District, Humboldt County.

This was an action of ejectment for the possession of a quarter section of land within the boundaries of a larger tract claimed by the plaintiff, and which his evidence tended to show he had inclosed and pastured before defendant's entry, and for the rents and profits of the land while held by defendant. The defendant denied the plaintiff's prior possession, and claimed title as a settler under the Act of April 20th, 1852. The case was tried by the Court with a jury. The defendant, "for the purpose of diminishing damages, and reducing the value of the rents and profits," was allowed, against the objection of the plaintiff, to introduce in evidence a patent from the United States to Middlemiss and Chapman, and a deed from the latter to the defendant for a tract of land, which appears to be within the boundaries of the larger tract claimed by the plaintiff, but not a part of the land in suit. The following instruction, asked by the plaintiff, was refused by the Court: "Second— If plaintiff, Southmayd, at any time before the defendant, Henley, entered upon the land in controversy, built a fence of any kind in such a manner that, together with other natural barriers, it formed a complete inclosure sufficient to turn cattle, which inclosure included within it the land in controversy; and, if said land was suitable for pasturage, and was used by said Southmayd for that purpose up to the time of the entry of the defendant Henley upon it, then there was established in Southmayd such possession of said lands as to entitle him to recover, and your verdict will be for plaintiff." The verdict and judgment were for the defend-

ant, and the plaintiff appealed from the judgment, and from an order denying his motion for a new trial.

*Buck & Stafford* and *Coffroth & Spaulding*, for Appellant.

It has been held in a long list of cases in this Court that a mere trespasser cannot justify his entry upon the actual inclosure of another, on the ground that the title to the premises is in the United States. The principle is the same whether the actual owner is the United States, or a private citizen or citizens. Therefore any inquiry as to who were the owners of the land included in plaintiff's inclosure, how much they owned, what their title was, etc., was entirely irrelevant and could only tend to mislead and confuse the jury, who might have thought that plaintiff had no right to recover because he had not the exclusive possession, or for any one of a hundred reasons or whims upon which juries are so liable to go astray. (4 Cal. 70; 278; 10 Cal. 22; 9 Cal. 1; 8 Cal. 165; 21 Cal. 321; 24 Cal. 347; 28 Cal. 219.) The instruction asked by plaintiff should have been given. The evidence showed clearly, and without conflict, that not two years before the entry of defendant plaintiff had the whole ranch so inclosed as to keep his own cattle in and others out, and that he had for over twelve years been pasturing the land up to its full capacity. This is not contradicted by the defendant, but his evidence only tends to prove that at the time of and after his entry the fence on the west end of plaintiff's ranch was out of repair. If the fence of an occupant gets out of repair temporarily, this would not entitle another person to enter within his inclosure and oust him from possession. (8 Cal. 556.)

*Hart* and *G. W. Tompkins*, for Respondent.

The patent and deeds to defendant were competent evidence for the purpose of diminishing damages, reducing the value of rents and profits claimed by the plaintiff, and estab-

lishing in defendant a right in common with the plaintiff. The defendant was not a trespasser; he settled upon the land under the Act of 1852, and has shown a compliance with its provisions. The instructions asked were properly refused because they asked the Court to assume as a conclusion of law, from the facts hypothetically stated, that if the plaintiff performed the acts referred to, he had done all that was necessary to appropriate the land and to give notice of exclusive dominion over it. Whereas, it is the province of the jury to decide, from the evidence offered, upon the sufficiency of the acts of the plaintiff to impart notice to the public, whether or not under all the circumstances these acts were such as carried with them the evidences of ownership which apply in ordinary cases to the possession of real property. (39 Cal. 24; 1 Cal. 263.)


By the COURT:

The Court erred in refusing to give the instruction asked by the plaintiff denominated in the record "second." The acts of Southmayd mentioned in that instruction, if done by him, would give him such a possession as would avail against a mere intruder upon the premises. There was error, too, in allowing the defendant to introduce in evidence the patent to Chapman and the deed of the latter to himself of a tract of land, which we understand to be without the lines of the tract of land sued for. That patent and deed could afford no sort of pretense for the defendant to appropriate the remainder of the land within the general inclosure. Nor can we see why the defendant was allowed to show that third persons held title to other portions of land within the general inclosure of the plaintiff. If the plaintiff had shown (and the evidence upon his part certainly tended to show) that he had the prior actual possession of the premises, and that the defendant entered upon that possession being him-

self a mere intruder and without title or right of entry, the latter should not, under the settled rule long established in this State, be allowed to protect himself from a recovery, or to diminish the damages which might otherwise be recovered against him by showing the true title to be outstanding in a third person. But here the outstanding title did not even purport to be a title to the land sued for, but only a title to other lands which were found within the same general inclosure with the lands in controversy. The only tendency that such evidence could reasonably be expected to have, would be to confuse the minds of the jury by distracting their attention to matters wholly foreign to the issue before them.

We are unable, too, to see how the mere proof of the existence of those outstanding titles would tend to show "*a lack of that exclusiveness of possession in plaintiff to entitle him to recover*," as maintained by the learned Judge of the Court below, in denying the plaintiff's motion for a new trial.

Judgment and order reversed, and cause remanded for a new trial.