[No. 9,059. Department Two.—February 26, 1884.]

J. P. BROWN, ADMINISTRATOR OF THE ESTATE OF EDWARD O'CONNOR, DECEASED, RESPONDENT, *v.* THOMAS MULLIN, APPELLANT.

WATER RIGHTS — SUCCESSIVE APPROPRIATIONS. — One who diverts and uses the waters of a ravine for purposes of irrigation, acquires thereby a right to the use of the water to the extent of his original appropriation. A subsequent locator, who diverts and uses the water suffered to go to waste and flow back into the ravine, acquires thereby no right, as against the prior appropriator, to the water originally diverted and used by him.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order refusing a new trial.

The action was trespass to recover damages for the diversion of waters of China Ravine, and for an injunction. The plaintiff claimed a right to the use of the water by appropriation, and that defendant had constructed a dam in the ravine above the head of plaintiff's ditch, and diverted the water from the ravine. The defendant denied plaintiff's ownership of the right to the use of the waters of the ravine, and averred ownership in himself. The plaintiff first claimed the right to the use of the water in 1873. The defendant appropriated and diverted the water in 1864, and has used it ever since, but has allowed any surplus of water, over that required by himself for sale or use, to flow down the ravine to the head of plaintiff's ditch. The further facts appear in the opinion.

*Cross & Simonds,* for Appellant.

*Belcher & Belcher,* for Respondent.

THORNTON, J. — Whether China Ravine had flowing in it for more than eight years prior to the trial of this cause, a stream of natural water, is in our opinion immaterial, inasmuch as the defendant had, ever since 1865, appropriated the waters of the ravine, and had partly used it for irrigation and partly sold it to be used, up to the time of the appropriation claimed to have been made by O'Connor, the intestate of plaintiff.

This last appropriation did not take place earlier than 1873, and did not extend beyond the water which then flowed back into the ravine from the irrigation by defendant, or was suffered

at that time to escape and flow in the ravine by defendant. In other words, it only extended to the water suffered to go to waste by defendant, as above stated. It is not claimed that this water ever exceeded forty inches — sometimes during the season it was less than five inches. The court found that the defendant was not the owner, or entitled to the use of any natural water flowing down China Ravine since 1878, when the quantity thereof was less than forty inches, measured under a six-inch pressure, when the same was used or wanted by plaintiff; and that plaintiff was the owner of said forty inches.

The evidence did not sustain the finding. The right of plaintiff does not exceed what is indicated above. For this reason the order denying the new trial is reversed, and the cause remanded.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied.