[No. 18172.  Department One.—January 17, 1894.]

MARK WATTERSON, Respondent, v. DOMINGO
SALDUNBEHERE, Appellant.

WATER RIGHTS—APPROPRIATION—COMPLIANCE WITH CIVIL CODE.—Where there has been an actual appropriation and use of water, a right to it is acquired regardless of compliance with the provisions of the Civil Code for the acquisition of water rights.

ID.—DIVERSION OF WATER—DAMAGES—INJUNCTION—PLEADING—JOINDER OF CAUSES.—An action to recover damages for the diversion and pollution of a stream of water to the injury of a prior appropriator, may be properly joined with a cause of action to obtain an injunction restraining its further diversion and pollution.

ID.—HERDING AND WATERING SHEEP UPON STREAM—IMPROPER EVIDENCE. Where one has appropriated and used the water of a stream for more than ten years before the defendant interfered with it, and complained only of interference during the month previous to the commencement of the action, evidence upon the question whether the defendant herded and watered sheep upon the stream for a period of seven years prior thereto, is immaterial and incompetent.

APPEAL from a judgment of the Superior Court of Mono County, and from an order denying a new trial.

The facts are stated in the opinion.

*N. D. Anderson*, and *Charles L. Hayes*, for Appellant.

The use of water for domestic purposes and watering cattle are preferred uses; and the defendant had a perfect right to use a portion of the waters of the north fork of the creek for watering his sheep. (*Bear River & Auburn W. & Mining Co.* v. *New York Mining Co.*, 8 Cal. 327; Washburn on Easements, 223, 224; *Ferrea* v. *Knipe*, 28 Cal. 341; *Hale* v. *McLea*, 53 Cal. 579; Gould on Waters, sec. 203.) The defendant has the same right to the reasonable use of the waters of the creek for domestic purposes and watering stock as the plaintiff had; and if necessary for those purposes he had the right to consume all the waters of the stream. (*Bear River etc. Co.* v. *New York Mining Co.*, 8 Cal. 327; *Ferrea* v. *Knipe*, 28 Cal. 341; *Hale* v. *McLea*, 53 Cal. 579; *Lux* v. *Haggin*, 69 Cal. 259; Washburn on Easements, 223, 224; Gould on Waters, sec. 203.) Neither plaintiff nor his predecessors or grantors ever acquired any right to the waters of said creek by appropriation or otherwise, as no notice of intention to appropriate the waters was ever given, or any claim made to the waters of the creek. (*Osgood* v. *El Dorado etc. Co.*, 56 Cal. 571; Civ. Code, sec. 1410.)

*Richard S. Miner*, for Respondent.

Conceding that plaintiff and defendant were riparian proprietors equally entitled to use the water, still the defendant had no right to pollute it. (*Bear River etc.*

*Co.* v. *New York Mining Co.*, 8 Cal. 333.)    But plaintiff
had the prior right to all the waters of the creek, and is
therefore entitled to be protected in his use of it. (*Heil-
bron* v. *The '76 Land and W. Co.*, 96 Cal. 7; *Saint* v.
*Guerrerio*, 17 Colo. 448; *Ramelli* v. *Irish*, 96 Cal. 214;
*Phœnix Water Co.* v. *Fletcher*, 23 Cal. 482; *Parks
Canal and M. Co.* v. *Hoyt*, 57 Cal. 44; *Natoma W. & M.
Co.* v. *McCoy*, 23 Cal. 491; *Lux* v. *Haggin*, 69 Cal. 379,
387, 390, 394; *Hill* v. *King*, 8 Cal. 337; *The Butte Canal
& Ditch Co.* v. *Vaughn*, 11 Cal. 143; *Ortman* v. *Dixon*, 13
Cal. 33; *Burnett* v. *Whitesides*, 15 Cal. 35; *The Nevada
Water Co.* v. *Powell*, 34 Cal. 109; *Higgins* v. *Barker*, 42
Cal. 233; *Junkans* v. *Bergin*, 67 Cal. 267; *Osgood* v. *Water
& M. Co.*, 56 Cal. 571; *Brown etc.* v. *Mullin*, 65 Cal. 89;
*Necochea* v. *Curtis*, 80 Cal. 397; *South Yuba W. Co.* v.
*Rosa*, 80 Cal. 333; *Burrows* v. *Burrows*, 82 Cal. 564; Civ.
Code, sec. 1414.)    Plaintiff, his predecessors and grant-
ors, as against defendant, have acquired a priority of
right to the use of said water, which prior right, by
lapse of time, has merged into a title by prescription.
(*Osgood* v. *W. & M. Co.*, 56 Cal. 571; *Kimball* v. *Gearhart*,
12 Cal. 28; *N. C. & S. Canal Co.* v. *Kidd*, 37 Cal. 310;
*Weaver* v. *Eureka L. Co.*, 15 Cal. 272; *Necochea* v. *Curtis*,
80 Cal. 397; *South Yuba W. Co.* v. *Rosa*, 80 Cal. 333;
*Burrows* v. *Burrows*, 82 Cal. 564; *Alta L. & W. Co.* v.
*Hancock*, 85 Cal. 219; *Cox* v. *Clough*, 70 Cal. 345; *Coon-
radt* v. *Hill*, 79 Cal. 587; *American Co.* v. *Bradford*, 27
Cal. 361; *Crandall* v. *Woods*, 8 Cal. 136; *Davis* v. *Gale*,
32 Cal. 27; *Yankee Jims U. W. Co.* v. *Crary*, 25 Cal. 504.)
The appropriation was made in 1863, before the codes
were adopted, and therefore it was not necessary to post
or record notice as required by said code. (*Coonradt* v.
*Hill*, 79 Cal. 587; *Necochea* v. *Curtis*, 80 Cal. 397; *Bur-
rows* v. *Burrows*, 82 Cal. 564; *Alta Land and W. Co.* v.
*Hancock*, 85 Cal. 219.)    The court did not err in sus-
taining the objection to the question asked the witness
as to his herding sheep in former years.    The witness
was allowed to answer as to the year 1892 as being ad-
missible only on the issue as to the amount of damages.

The objection was properly sustained. (*Hines* v. *Johnson*, 61 Cal. 259; *Bird* v. *Lisbros*, 9 Cal. 1; *Niagara Con. G. M. Co.* v. *Bunker H. M. Co.*, 8 P. L. J. 1078; *Hubbard* v. *Barry*, 21 Cal. 320; *Richardson* v. *McNulty*, 24 Cal. 342; *Carleton* v. *Townsend*, 28 Cal. 223; *Southmayd* v. *Henley*, 45 Cal. 101; *Hill* v. *Smith*, 32 Cal. 166; *Gould* v. *Stafford*, 77 Cal. 66; *Heilbron* v. *Kings R. F. C. Co.*, 76 Cal. 11; *People* v. *Gold R. D. & M. Co.*, 66 Cal. 138.)

BELCHER, C.—The plaintiff brought this action to recover damages for the diversion and pollution of a stream of water in Mono county, and to obtain an injunction restraining the further diversion and pollution thereof.

The plaintiff had judgment, from which and from an order denying a new trial defendant appeals.

The facts of the case may be briefly stated as follows: Prior to March 23, 1881, one J. P. McLaughlin made application at the proper United States land office to purchase certain land, situate in Mono county and containing two hundred and twenty-one and fifty-five one hundredths acres, under the Desert Land Act of March 3, 1877. On the day named he received from the receiver of the land office a final receipt showing full payment of the land applied for. On July 22, 1887, McLaughlin, by a bargain and sale deed duly executed and recorded, conveyed to the plaintiff the said land, together with all and singular the tenements, hereditaments, and appurtenances thereto belonging. On September 18, 1891, a United States patent for the said land was issued in the name of McLaughlin, and thereafter delivered to the plaintiff.

Extending through the said land for a distance of about one and a half miles was a small natural watercourse, known as Dexter Cañon creek, which carried in ordinary seasons about one hundred and fifty, and never more than two hundred and fifty, inches of water. For more than ten years before the commencement of this action plaintiff and his grantor had appropriated and been using, during the spring, summer, and fall

months, when not interrupted by defendant, all the waters of this stream for irrigating the said land, for watering stock and for domestic, culinary, and other useful purposes, and all the waters of the stream were necessary for such purposes. By thus using the water to irrigate the land they had reclaimed the same, or a large part thereof, from its desert condition and made it productive and valuable grass land. In June, 1892, plaintiff was irrigating his land and was raising thereon a valuable crop of grass, and was also pasturing thereon and watering from the stream about three thousand head of sheep.

The defendant was engaged in the business of raising and grazing sheep, and was traveling about with them from place to place to find pasturage. Early in June, 1892, he drove about six thousand head of his sheep upon the land lying along the banks of the said creek and some two and a half miles above the plaintiff's land, and kept them there for more than a month. He allowed his sheep to pass over, into, and up and down the stream, thereby breaking down its banks, which were sandy and friable, and causing large quantities of sand and sediment to fall into the water and to be carried down and deposited upon plaintiff's land, to its injury. The water was also made unfit to be used for the purpose of irrigating plaintiff's land or watering his sheep and he was damaged thereby. Early in July defendant constructed a ditch and by means of it diverted from the stream about one-sixth of all the water flowing therein, and threatened to continue such diversion.

Plaintiff commenced this action on the 21st of July, 1892, and obtained a temporary injunction, which by the final judgment was made perpetual.

The findings are eighteen in number, and are very full and explicit. The contention of appellant is that fourteen of these findings, covering all of the disputed questions in the case, were not justified by the evidence, and hence that the judgment should be reversed.

It would subserve no useful purpose to review the

findings separately and state the evidence which tends to support them. After carefully going over the record, I am satisfied that there was evidence amply sufficient to justify them all, and that the judgment cannot therefore be reversed on this ground.

The objection that neither McLaughlin nor the plaintiff ever made any valid appropriation of the water, for the reason that they never complied with the provisions of the Civil Code for the acquisition of water rights (section 1410 et seq.) is without merit. The evidence clearly shows that McLaughlin and the plaintiff had actually appropriated and used the water for more than ten years before the defendant interfered with it, and the law is now settled that where there has been an actual appropriation of water, a right to it is acquired, without following the course laid down in the code. (*De Necochea* v. *Curtis*, 80 Cal. 397; *Burrows* v. *Burrows*, 82 Cal. 564; *Wells* v. *Mantes*, 99 Cal. 583.)

There was no error in overruling the demurrer to the complaint. The two causes of action were properly united, and each stated facts sufficient to entitle the plaintiff to the relief demanded.

There was no error in the refusal of the court to grant the defendant's motion for a nonsuit. The evidence clearly showed that the plaintiff had been damaged by the acts of defendant and was entitled to relief.

There was also no error in the ruling of the court sustaining the plaintiff's objection to the following question asked the witness, Juan Inda, by defendant: "Did you herd and water sheep on the North Fork of Dexter Cañon creek in the years 1885–86–87–88–89–90–91 and 92?" The objection was that the evidence sought, as to all the years other than 1892, was immaterial and incompetent, and we think it was clearly so.

We advise that the judgment and order be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.