[No. 19392.   Department One.—July 26, 1894.]

# K. R. TAYLOR, APPELLANT, *v.* A. F. ABBOTT ET AL., RESPONDENTS.

WATER RIGHTS—APPROPRIATION OF SPRING—INSUFFICIENT NOTICE.—A notice posted at a spring, which does not conform to the requirements of section 1415 of the Civil Code, does not confer any rights upon the person posting the notice as an appropriator of the water.

ID.—POSSESSION OF SPRING.—The posting of an insufficient notice at a spring, and an excavation in it for the purpose of marking the place of intended diversion, and the subsequent purchase of pipe, and causing it to be hauled to a point several hundred feet distant from the spring, do not tend to establish a possession of the spring or of the land on which it was located.

ID.—POSSESSORY CLAIM OF LAND INCLUDING SPRING.—The location by another person upon the land where the spring was situated, and the taking possession thereof, and building a dwelling-house thereon, and filing an affidavit in conformity with the requirements of the Possessory Act of April 20, 1852, entitled the possessor to prevent the subsequent diversion of the water under the attempted location of the appropriator.

ID.—PROTECTION OF WATER RIGHTS—CONSTRUCTION OF REVISED STATUTES.—Section 2339 of the Revised Statutes of the United States, which provides for protecting such rights to the use of water as may have vested and accrued by priority of possession, and as are recognized by the local customs, laws, and decisions of courts, does not confer the right to enter upon lands in the possession of another for the purpose of securing the water thereon, or completing an intended diversion of water, even though the person seeking so to enter had at some previous time manifested his intention to secure a water right thereon.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Daly & Toland,* for Appellant.

*Blackstock & Ewing,* and *H. L. Poplin,* for Respondents.

HARRISON, J.—The plaintiff posted a notice December 17, 1892, near a spring of water upon certain surveyed public lands in the county of Ventura, stating that he had that day "located" the spring and water right, and "claimed" all water in the spring and flowing from it. On the same day he made an excavation in the spring

about three feet square and three feet in depth, for the purpose of marking the place of his intended diversion. A few days afterwards he bought some pipe and lumber with which to complete the means of diverting the water, but did not in fact make any connection with the spring, or complete his intended diversion of the water. On the 28th of December the defendant went upon the land where the spring was located, took possession thereof, built himself a house, and moved his family into it, and thereafter held possession of the land, and on the 20th of February, 1893, filed an affidavit in conformity with the requirements of the Possessory Act of April 20, 1852. After the defendant had taken possession of this land the plaintiff attempted to complete his diversion of the water from the spring, but was prevented from so doing by the defendant. The plaintiff brought this action February 21, 1893, to enjoin the defendant from interfering with him in completing such diversion. The cause was tried by the court, and judgment rendered in favor of the defendant. Plaintiff has appealed.

The plaintiff by this action seeks preventive relief for the future, rather than redress for a past wrong; and his right to this remedy is to be determined by the respective rights of the parties as they were at the commencement of the action. At that time the defendant was in possession and occupancy of the land which included the spring, and had filed his affidavit under the Possessory Act. Under the provisions of section 1 of this act (Stats. 1852, p. 158), he was entitled to " maintain any action for interference with or injuries done to his possession of said land against any person or persons so interfering with or injuring such land or possession," and would necessarily have the same right to defend his possession and rights in the land in any action brought against him. After he had thus taken possession of the land any threats or conduct on his part by which the plaintiff was prevented from completing his diversion of the water would be in support of his own rights rather than a wrong against the plaintiff, unless

the plaintiff had acquired a right to such diversion superior to the defendant's rights in the land.

The court finds that on the twenty-eighth day of December, 1892, when the defendant settled upon the land, there was no other in the possession or occupation thereof, and that prior to the commencement of this action, viz., on the 20th of February, the defendant had filed his affidavit under the Possessory Act, and that his acts in preventing the plaintiff from completing his attempted diversion of the water were for the purpose of protecting his possessory claim.   The evidence before the court was ample to sustain this finding, so that it is unnecessary to determine whether the specifications of its insufficiency are such as to preclude it from being considered.

It may be conceded that, if the plaintiff had completed the diversion of the water before the defendant had acquired any rights in the land, the plaintiff's rights would have been superior to those of the defendant. (*Wells* v. *Mantes*, 99 Cal. 583.)   There is, however, no allegation in the complaint that the plaintiff was in possession of the land upon which the spring was located, nor does he claim to have been in the actual occupancy thereof, or to have had any possession other than such as followed from his notice and the digging out of the spring on the 17th of December.   His subsequent purchase of pipe, and causing it to be hauled to a point "towards said springs," and several hundred feet distant therefrom, did not tend to establish a possession of the spring, or of the land on which it was located. The notice posted by him at the spring did not conform to the requirements of section 1415 of the Civil Code, and he cannot, therefore, claim any rights thereunder as an appropriator of the water.   The posting of this notice was admitted by the answer, so that its exclusion by the court when offered in evidence did not constitute any error.

The plaintiff is not entitled to the relief sought herein by virtue of the provisions of section 2339 of the Revised

Statutes of the United States. That section does not confer the right to enter upon lands in the possession of another for the purpose of securing the water thereon, or of completing an attempted diversion of water, even though the person seeking so to enter had at some previous time manifested his intention to secure a water right thereon. It merely provides for protecting such rights to the use of water as may have "vested and accrued" by priority of possession, and as are recognized and acknowledged by the local customs, laws, and decisions of courts. Whether the defendant would have had the right to interfere with the plaintiff, if at the time of his entry upon the land the plaintiff had been actually engaged in laying pipes for the diversion of the water thereon, depends upon other principles of law, and is not presented in the present case. *De Necochea* v. *Curtis*, 80 Cal. 400, merely holds that when the diversion of the water has been completed before a subsequent pre-emptor acquires any right in the land, it is superior to the pre-emptor's right. The plaintiff was not in possession of the land when the defendant entered thereon, and neither can his intentions or declarations, any more than his preparations to complete the diversion, be regarded as equivalent to an actual possession. Digging at the spring did not constitute possession, but was merely an act indicative of an intention to claim the water, and was to be considered by the court in connection with other evidence for the purpose of determining whether the land was vacant. The finding of the court upon this subject must be regarded as determinative of the question.

There are other errors assigned in the admission and exclusion of evidence, but they are not of such a character as require consideration.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.