### MORRIS v. BEAN et al.

#### (Circuit Court, D. Montana. May 5, 1903.)

#### No. 666.

1. WATERS—PRIOR APPROPRIATION OF WATER FROM STREAM—VESTED RIGHTS.
   One who by prior appropriation has acquired a right to the waters of a stream flowing through the public lands for irrigation purposes is protected in such right by the provisions of Rev. St. §§ 2339, 2340 [U. S. Comp. St. 1901, p. 1437], as against subsequent appropriators, although the latter withdraw the water within a different state.

2. SAME—SUIT FOR DIVERSION FROM STREAM—JOINDER OF DEFENDANTS.
   A prior appropriator of water from a stream by means of an irrigating ditch may maintain a suit to protect his right against all junior appropriators who by withdrawing the water from the stream above him prevent its reaching the head of his ditch.

3. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.
   A bill to enjoin defendants from diverting the waters of a stream in violation of complainant's prior right thereto, which is alleged to be of the value of $2,000, and also to recover damages, in the sum of $2,500, alleged to have been sustained by complainant by reason of the joint action of defendants in diverting such waters, shows the amount in controversy to be sufficient to give a federal court jurisdiction.

4. PRELIMINARY INJUNCTION—GROUNDS—SUFFICIENCY OF SHOWING.
   A general allegation of irreparable injury by reason of the diversion by defendants of the waters of a stream, preventing them from reaching complainant's irrigating ditch, is not sufficient to warrant the granting of a preliminary injunction, but the facts upon which such allegation is based must be shown.

---

¶ 3. Jurisdiction of federal courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

¶ 4. See Injunction, vol. 27, Cent. Dig. § 232.

In Equity.   On motion for preliminary injunction.

Fred. H. Hathhorn, for plaintiff.
O. F. Goddard and Geo. W. Pierson, for defendants.

KNOWLES, District Judge.   This suit is brought to determine the respective rights of the parties to the use of the waters of Sage creek, a natural water course having its rise in the state of Montana, and flowing down its natural channel through a portion of Carbon county, Mont., to the dividing line between the states of Montana and Wyoming, and from thence on into the state of Wyoming.   The complainant is a resident and citizen of the state of Wyoming, and the defendants are all of them residents and citizens of the state of Montana.   The point of diversion of the waters of said stream by the several defendants is in the state of Montana.   The complainant owns a ranch or farm in the state of Wyoming, and has constructed a ditch by means whereof he diverts water from said stream, and conducts it upon his farm, for the purposes of irrigation.   The effect of the diversion by the defendants is to prevent water of said Sage creek from flowing down its natural channel, and entering into and flowing through the complainant's ditch, who is thus deprived of water for irrigating his ranch. Complainant claims that his appropriation is prior in time to that of the defendants.

There is a claim made by the defendants that the water which they divert from said stream does not belong to the complainant, because his ditch and land are located in the state of Wyoming, while their diversion and lands are in Montana.   This point was decided by this court in the case of Howell v. Johnson, 89 Fed. 556, in which it was held that one who has acquired a right to the waters of a stream flowing through the public lands, by prior appropriation, in accordance with the laws of the state where the appropriation is made, is protected in such right by the provisions of sections 2339 and 2340 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 1437], as against subsequent appropriators, although the latter withdraw the water within the limits of a different state.   Nothing has occurred in this case to change the views of the court expressed in Howell v. Johnson, supra.

It is claimed by the defendants that their diversions are separate and wholly independent diversions; that they are not joint, concerted diversions, and that therefore there is a misjoinder of parties defendant; and that the action cannot be maintained against them jointly.   In the case of Hillman v. Newington, 57 Cal. 56, where the facts presented were similar to those presented here, it was held that a suit was properly brought and could be maintained against all of the defendants appropriating water which, if allowed to flow unobstructed, would have reached the head of the plaintiff's ditch.   This same view was entertained in the case of Blaisdell v. Stephens, 14 Nev. 22, 33 Am. Rep. 523, where the court, upon a rehearing, granted an injunction against several defendants.   In the case of Woodruff v. North Bloomfield Gravel Mining Co. (C. C.) 16 Fed. 25, commonly known as the "Débris Cases," Judge Sawyer held that the objection here made was

not valid, and cites the above cases with approval, and says, "There are many other authorities, not necessary to mention, tending more or less strongly and directly to the same conclusion." Under these authorities, I hold that the contention of the defendants cannot be sustained, and that this court has jurisdiction to determine the question presented, as against all of the defendants.

It is further contended by defendants that the court has no jurisdiction of the suit, because the amount in controversy does not exceed the sum of $2,000, exclusive of interest and costs. In paragraph 3 of complainant's bill it is alleged that the amount in controversy exceeds the sum of $2,000, exclusive of interest and costs. In paragraph 5 of the bill it is alleged that the value of the plaintiff's water right is $2,000. It is contended by the defendants that this is the real matter in controversy, viz., the water right, and hence shows that the amount in controversy does not exceed $2,000, exclusive of interest and costs. In paragraph 9 of the bill it is alleged that the amount of damage plaintiff has suffered on account of the diversion of the water to which he is entitled is $2,500. It was claimed that this could not be considered, because it appeared from the showing of the defendants that there was no joint damage inflicted upon the plaintiff by them. The charge, however, is that the defendants jointly inflicted this damage. Under the authority of Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255, it is evident that the court, upon the showing made by the defendants in their affidavits, cannot consider the question as to whether the damage to plaintiff was inflicted jointly by all the defendants, or by them severally. In Schunk v. Moline, Milburn & Stoddard Co., supra, the court said:

"In short, the fact of a valid defense to a cause of action, although apparent upon the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or if presented, sustained by the court."

Damages may be claimed in such a suit as this, although its main object is the equitable relief by way of an injunction. See 1 Pom. Eq. Jur. § 237, 3 Pom. Eq. Jur. § 1351.

It may turn out upon the trial of this cause that the damages claimed in this suit were not inflicted by the defendants jointly, and in such case no damages can be recovered in this suit. See Blaisdell v. Stephens, 14 Nev. 22. What effect this would have upon the jurisdiction of this court, I am not now prepared to say. The cause, as presented by the bill, shows a suit for a water right valued at $2,000, and in addition thereto a claim for damages in the amount of $2,500.

In this case the plaintiff prays also for an interlocutory injunction, pendente lite, and this is the matter now before the court.

In High on Injunctions, at section 35, it is stated:

"An injunction, being a harsh remedy, will not be granted in the first instance except upon a clear, prima facie case, and upon positive averments of the equities on which the application for relief is based; and, while it is not essential that complainant should establish his case upon an application for an interlocutory injunction with the same degree of certainty that would be required upon the final hearing, he must nevertheless allege positively the facts constituting his ground for relief. Thus it is well established that the

mere allegation of irreparable injury will not suffice to warrant an injunction, but the facts must appear on which the allegation is predicated, in order that the court may be satisfied as to the nature of the injury."

The same author, in section 11 of the same work, says:

"The right to a preliminary injunction is not ex debito justitia, but the application is addressed to the sound discretion of the court, to be guided according to the circumstances of the particular case; hence it is the right and duty of the court or officer granting the writ to require a full disclosure of the facts, and, when it is apparent that such disclosure has not been made, the relief may properly be refused."

It may be said generally that an interlocutory injunction is only awarded to stay a threatened irreparable injury. In this case, while it is claimed that the plaintiff owns 160 acres of land, and that he has heretofore farmed it, it does not appear how. It does not appear what crops, if any, are growing upon the same. It does not appear that it is absolutely nesessary to use the amount of water claimed upon said land to make it productive. In paragraph 10 of the bill it is alleged:

"That your petitioner is informed and believes, and therefore alleges the fact to be that defendants, and each of them, threaten to continue to so divert and use the waters of said Sage creek and its tributaries, notwithstanding the prior rights of your orator thereto, and in defiance of the rights of your orator in the premises, and that unless so restrained from so diverting and using said waters, and thus depriving your orator from the use and enjoyment of the same, the crops now growing and maturing on his said lands will wither and dry up, and will be wholly lost to him, and that he will be compelled to remove himself and family and his stock from said lands and premises, to his great and irreparable damage, and that, as he is informed and believes, he has not a plain, speedy, or adequate remedy against said acts and threatened acts of the defendants, at law; and your orator therefore asks this honorable court to grant him equity in the premises."

This application for an injunction was made on January 20, 1903. What crops, if any, were then growing upon the plaintiff's land, that would wither and dry up without water, does not appear. A court is bound to take judicial notice of the course of nature and of the climatic conditions in any portion or section of its jurisdiction, and, without some special and specific showing, the court would presume that in the winter time no crops were growing upon plaintiff's ranch which needed irrigation or could be irrigated. Perhaps the allegations in defendants' affidavits would cure the defect of the allegations upon information and belief that defendants threaten to continue the diversion of the waters of said stream from complainant's ditch. It is very evident from such affidavits that they so intend.

Under these conditions, the court is satisfied it ought not to grant the interlocutory injunction prayed for, and it is so ordered.