[Sac. No. 1301. In Bank.—July 26, 1906.]

## LOWER TULE RIVER DITCH COMPANY, Respondent, v. ANGIOLA WATER COMPANY, Appellant.

WATER-RIGHTS — APPROPRIATION — MEANS OF CONDUCTING WATER.—A person making an appropriation of water from a stream need not carry it through an artificial conduit to the place of use, nor construct a ditch or canal especially for that purpose. He may make use of any natural channel or depression, or any artificial channel which he may find available and convenient for that purpose, so long as other presons interested in such conduit do not object; and his appropriation, so made, will be as effectual, so far as the means of conducting the water is concerned, as if he had carried it through a ditch or pipe-line expressly constructed for that purpose only.

ID.—MEANS OF DIVERSION—CUT IN LEVEE.—It is not necessary that there should be any headgate of boards or masonry at the place of diversion. If a simple cut in a levee confining the waters of the river will accomplish the purpose of diverting the waters from the stream, it is, if accompanied with a beneficial use, a good appropriation as against others making a subsequent diversion and use.

ID.—DOUBLE PURPOSE OF DIVERSION—DRAINAGE AND IRRIGATION.—The fact that the appropriation of the water had the double purpose

of draining the water from other land under cultivation, and to use it for the purpose of irrigation, the purpose to drain one tract of land did not vitiate or destroy the right to take the water for irrigation of other tracts, nor impair the right acquired by appropriation and use, to take and use it for the latter purpose, which is not inconsistent with the former.

ID.—PRIORITY OF APPROPRIATION—CODE METHOD NOT EXCLUSIVE.—The method of acquiring the right to the use of water by posting and recording a notice of appropriation as provided in sections 1415 and 1421 of the Civil Code, is not exclusive. One may by a prior actual and complete appropriation and use, without proceeding under the code, acquire a right to the water beneficially used, which will be superior and paramount to the title of one making a subsequent appropriation from the same stream in the manner provided by the code.

APPEAL from a judgment of the Superior Court of King's County and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, for Appellant.

H. Scott Jacobs, and Bradley & Farnsworth, for Respondent.

SHAW, J.—Appeal by defendant from a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial.

The court found, in effect, that plaintiff was seized of a prior right, as against the defendant, to divert from Tule River, a stream of the water thereof amounting to a continuous flow of twenty-three feet per second, and gave judgment enjoining the defendant from interfering therewith. Neither party is a riparian owner on the stream, both claiming solely by appropriation and use. The claim of defendant is based on a notice of appropriation under the code, posted on August 27, 1897, and a subsequent diversion and use in pursuance thereof. With respect to the plaintiff's claim the finding is, in effect, that it is founded on an appropriation and use made by N. P. Duncan, plaintiff's grantor, in May, 1897. The sole objection presented on this appeal is that the evidence is insufficient to show a diversion and use by Duncan prior to the posting of defendant's notice of appropriation,

or to show that such diversion was made with the intent and purpose to apply the water to any beneficial use, or that any beneficial use was made thereof prior to such posting.

We think there is sufficient evidence on these points to uphold the findings and judgment. Duncan was a witness for the plaintiff, and testified, in substance, that in May, 1897, in order to get water to irrigate his land, he had a cut made in the levee confining the water of the river, thereby diverting the water into an excavation that had been made along the outside of the levee; that he made use of this excavation, which was for practical purposes a ditch, to conduct the water to his land; that he got the water to irrigate his land at that time, and that by means of it he irrigated about two sections of his land for the purpose of growing thereon wild grasses and feed. H. Clawson also testified that he saw the water, in May, 1897, running from the river through the cut in the levee, and that the water thus taken was used during that season to irrigate all of Duncan's land, together with lands of others, amounting in the aggregate to somewhere near four thousand acres. There was no evidence offered in contradiction of this testimony.

This was sufficient proof of the intent, the diversion or appropriation, and the beneficial use prior to the posting of the defendant's notice. A person who is making an appropriation of water from a natural source or stream, is not bound to carry it to the place of use through a ditch or artificial conduit, nor through a ditch or canal cut especially for that purpose. He may make use of any natural or artificial channel, or natural depression, which he may find available and convenient for that purpose, so long as other persons interested in such conduit do not object, and his appropriation so made will, so far as such means of conducting the water is concerned, be as effectual as if he had carried it through a ditch or pipe-line made for that purpose and no other. (*Hoffman* v. *Stone*, 7 Cal. 49; *Butte C. & D. Co.* v. *Vaughan*, 11 Cal. 150, [70 Am. Dec. 769]; *Simmons* v. *Winters*, 21 Or. 35 [28 Am. St. Rep. 727, 27 Pac. Rep. 9]; *McCall* v. *Porter*, 42 Or. 56, [70 Pac. 822]; *Richardson* v. *Kier*, 37 Cal. 263.) For the same reasons it is unnecessary that there should be any headgate of boards or masonry at the place of diversion. If a simple cut will accomplish the purpose of diverting the water from

the stream, it is, if accompanied with a beneficial use, a good appropriation as against others making a subsequent diversion and use. There was some testimony indicating a dual intent on the part of Duncan,—that is, a purpose not only to get water to irrigate his land, as stated, but also to draw off the flood-water from, and prevent it flowing to, some other land owned by him on which he then had growing a crop of grain. This purpose to drain one tract of land did not vitiate or destroy the right to take the water for irrigation of other tracts, nor impair the right, acquired by such appropriation and use, to take and use it for the latter purpose. The two purposes are not inconsistent.

In order to make a valid appropriation it was not necessary for Duncan to post and record a notice of appropriation as provided in the Civil Code (secs. 1415-1721). The method of acquiring a right to the use of water as there prescribed is not exclusive. One may by a prior actual and completed appropriation and use, without proceeding under the code, acquire a right to the water beneficially used, which will be superior and paramount to the title of one making a subsequent appropriation from the same stream in the manner provided by that statute. (*Wells* v. *Mantes,* 99 Cal. 583, [34 Pac. 324]; *De Necochea* v. *Curtis,* 80 Cal. 401, [20 Pac. 563, 22 Pac. 198]; *Watterson* v. *Saldunbehere,* 101 Cal. 112, [35 Pac. 432]; *Burrows* v. *Burrows,* 82 Cal. 564, [23 Pac. 146]; *Taylor* v. *Abbott,* 103 Cal. 423, [37 Pac. 401]; *McGuire* v. *Brown,* 106 Cal. 672, [39 Pac. 1060]; *Cardoza* v. *Calkins,* 117 Cal. 112, [48 Pac. 1010]; *McDonald* v. *Bear River etc. Co.,* 13 Cal. 238; *Kimball* v. *Gearhart,* 12 Cal. 29; *Kelly* v. *Natoma W. Co.,* 6 Cal. 105; *Hill* v. *King,* 8 Cal. 336; *Hoffman* v. *Stone,* 7 Cal. 46.)

The judgment and order are affirmed.

Sloss, J., and Angellotti, J., concurred.