BEAN et al. v. MORRIS et al.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1908.)

No. 1,423.

1. WATERS AND WATER COURSES—APPROPRIATION—STATUTES.

Act Wyo. Ter. March 11, 1886 (Laws 1886, p. 294, c. 61), provide that one claiming a water right shall file in the office of the clerk of the proper county and in the office of the clerk of the district a notice of such claim, and that in any controversy concerning water rights no evidence shall be received in behalf of any claimant until such statement or claim is filed by him. *Held*, that such act was not intended to provide an exclusive method of appropriation; its only effect being to take from an appropriator who failed to file such notice the right to claim an appropriation prior to the time when the water was actually supplied and used.

2. SAME—SOURCE OF WATER—INDIAN LANDS.

Where complainants appropriated in Wyoming waters from a creek rising in the Crow Reservation in Montana, complainants' appropriation attached eo instante on the reservation being thrown open to settlement, and became prior to the rights of subsequent appropriators settling on such reservation lands.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Waters and Water Courses, § 11.]

3. SAME—INTERSTATE STREAMS.

Complainants, by a prior appropriation or diversion in Wyoming of the waters of a nonnavigable stream rising in Montana, acquired the right to continue the diversion of such waters as against a junior appropriator of the waters in Montana; the rights of appropriation not being affected by the interstate character of the stream.

Appeal from the Circuit Court of the United States for the District of Montana.

For opinion below, see 146 Fed. 423.

George W. Pierson, Walsh & Nolan, and T. J. Walsh. for appellants. McConnell & McConnell and J. R. Goss, for appellees.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge. This is an appeal by certain defendants from a final decree in equity entered in the Circuit Court of the United States for the District of Montana. The bill of complaint alleges that the complainant is a citizen of Wyoming, and that in the year 1887 he acquired a water right of 250 inches, statutory measurement, by diverting the waters of Sage creek onto lands then occupied and now owned by him in that state; that such diversion was made in the state of Wyoming; that the defendants are citizens of the state of Montana, and that they had for three years prior to the commencement of this suit, during irrigation seasons, diverted the waters of said Sage creek and its tributaries at points on the stream above complainant's point of diversion; that said diversion was made by the defendants in the state of Montana; and that such acts of diversion resulted in damage to him in the sum of $2,500. The bill prayed for an injunction and for damages.

The defendants, who are the appellants here, filed an answer in which they denied that complainant ever made any appropriation of the waters of Sage creek, or that he ever diverted the waters of said stream to or upon the lands described in the bill of complaint, prior to the month of November, 1895. They admitted the diversion by them of the waters of Sage creek and its tributaries, as alleged in the complaint, but denied that complainant suffered any damage thereby. They further set forth that the alleged diversion by them was in Montana, and for the purpose of irrigating lands owned or occupied by them in that state. They alleged these lands to be unsurveyed lands, which would be subject to entry under the homestead laws when surveyed; that each of defendants is a qualified homesteader; and that he intends to enter the lands occupied by him as soon as the same shall be surveyed. The defendants further averred that each, relying upon his appropriation, cultivated his lands and improved them by the erection of houses, barns, etc.; that the lands are unproductive and valueless, unless they can be irrigated. As a further defense, they alleged an adverse use of the waters by them during the irrigation season for a period of more than ten years, and, further, that by reason of the peculiar condition of the bed of Sage creek and its tributaries the water sinks in places and rises in others, and that in consequence of this the complainant has had as much water during the period of which he complains as he ever used.

One T. N. Howell, who in his petition alleged himself to be a citizen of the state of Wyoming, was permitted to intervene; all of the parties consenting thereto. The cause of action set forth in his petition was of the same general character as that alleged in the bill of complainant—the intervener alleging that on August 1, 1890, he appropriated from the waters of Sage creek in the state of Wyoming 6¼ cubic feet per second; that his appropriation was prior to that of the defendants, but subject to the right of the complainant. He further alleged that he had enjoyed the use of the waters so appropriated by him without disturbance until about two years before the filing of his petition in intervention, when the defendants began to use the water of said stream in Montana to such an extent as to deprive him of the use of the waters so appropriated.

Answers were made to this petition identical in general character with the answers to the bill, and specifically putting in issue intervener's allegation of his Wyoming citizenship and averring, on information and belief, that he is a citizen of Montana.

The court, upon consideration of the evidence, filed its findings of fact, and made and entered its decree establishing the right of the complainant to 100 inches, miners' measurement, of the waters of Sage creek and its tributaries, of date April, 1887, and further adjudging that the intervener, Howell, is entitled to 110 inches of the waters of Sage creek and its tributaries, miners' measurement, of date August 1, 1890; that as between the complainant and intervener, the complainant is prior in time and prior in right; and that both complainant and intervener are prior in time to the defendants and prior in right. The decree further enjoined the defendants from in any manner interfering with the rights of the complainant and intervener as determined in the decree, and they were further commanded to allow, at all times when needed by the complainant and intervener, a sufficient amount of water to flow down to them to satisfy their rights.

The defendants, Bean, Bainbridge, Bennett, and S. W. and Wallace Bent, appeal.

1. At the date of the complainant's diversion of the waters of Sage creek in April, 1887, the statute of the then territory of Wyoming, approved March 11, 1886 (Laws 1886, p. 294, c. 61), provided that one claiming a water right should file in the office of the county clerk of the proper county and in the office of the clerk of the district court a notice of such claim, and it was further provided that in any controversy concerning water rights no evidence should be received in behalf of any claimant until such statement or claim was filed by him. This latter provision in relation to the rejection of evidence offered by a claimant, who had not filed in the proper office the statement required by the statute, was subsequently repealed and is no longer in force. It is conceded that the complainant never filed any notice of his claim to the waters diverted by him, as required by the territorial statute of March 11, 1886, and the appellants insist that, such being the fact, he never made any valid appropriation of such water under the laws of Wyoming.

The Circuit Court held, and we think rightly, that it was not the purpose of the statute referred to to provide an exclusive method of appropriation, and that its only effect was to take from an appropriator who failed to file such notice the right to claim an appropriation as of the date of the beginning of the work of diversion; "the penalty for such failure being to limit the right to the time when the water is actually supplied and used." This is the construction placed upon similar statutes in other states requiring the filing and recordation of claims to water. Murray v. Tingley, 20 Mont. 260, 50 Pac. 723; Wells v. Mantes et al., 99 Cal. 583, 34 Pac. 324; Watterson v. Saldunbehere, 101 Cal. 107, 35 Pac. 432.

2. It is also urged that complainant's appropriation was invalid, because at the date of the initiation of his claim the head waters of Sage creek were within the limits of the Crow Reservation in the state of Montana; that the complainant's appropriation conferred no right

upon him as against the Indians of that reservation; and that appellants have succeeded to all rights of such Indians by their settlement upon the lands then occupied by such Indians. We think a complete answer to this contention is found in the opinion of the learned judge presiding in the Circuit Court, in which he said:

"When the right of the Indians was extinguished, and the land was thrown open to settlement, it became public, and, assenting for the sake of argument to the theory of the defendants, all that was in the way of the validity of the prior appropriations had been removed, and the appropriators in Wyoming were in point of time ahead of any claim which the defendants could possibly make, because their appropriations attached eo instante. * * * The rights of the defendants attached as settlers after the lands were made subject to settlement. They cannot antedate settlement made by them. At that time prior appropriations had been made by the complainant and intervener, and defendants took their riparian rights subject to and charged with those appropriations."

3. Sage creek is a nonnavigable stream, the waters of which rise in the state of Montana and then flow into the state of Wyoming. The main contention of appellants, and one that has been most strongly urged in the argument and brief of their attorneys, is that the appellees could not, by prior appropriation or diversion of the waters of Sage creek at a point within the state of Wyoming, acquire the right to continue the diversion of such waters as against a junior appropriator of the waters of the same stream in the state of Montana. The argument in support of this contention is based upon the proposition that the water flowing in Sage creek within the state of Montana belongs to its citizens, and their right to divert the same at points within and upon lands of that state cannot be taken from them by a prior appropriation or diversion of the waters of the same stream in the state of Wyoming.

The proposition thus stated is not a new one, and has been decided adversely to the contention of appellants in Howell v. Johnson (C. C.) 89 Fed. 556; Morris v. Bean (C. C.) 123 Fed. 618. This court, also, in Rickey Land & Cattle Co. v. Miller & Lux, 152 Fed. 11, 81 C. C. A. 207 in discussing the question of the jurisdiction of the Circuit Court of Nevada to quiet title to a water right, where the complainant claimed title by prior appropriation of a certain part of the flow of a river to irrigate its lands in Nevada, and alleged that such rights were being interfered with by defendant, a junior appropriator of the waters of the same stream in California, said:

"The water in the stream, which has a propensity to seek its level, and will continue in its current to the sea, is in strict reality the veritable thing in controversy. It knows no imaginary state or county lines, and is a thing in which no man has a property until captured, to be applied to a beneficial use. The right of appropriation is recognized in law, which means the right of diversion and use. It is the right, not to any specific water, but to some definite quantity of that which may at any time be running in the stream. So the right acquired by an appropriation includes the right to have the water flow in the stream to the point of diversion. The fact of a state line intersecting the stream does not, within itself, impinge upon that right. In other words, the appropriation may still be acquired, although the stream is interstate, and not local to one state; nor will the mere fact that the stream has its source in one state authorize a diversion of all the water thereof as against an earlier and prior appropriator across the line in another state. On the contrary, one who has acquired a right to the water of a stream by prior appropriation, in accordance with the

laws of the state where made, is protected in such right as against subsequent appropriators, though the latter withdraw the water within the limits of a different state."

It is not deemed necessary to add anything to this statement of the law. The right to divert or appropriate for a useful purpose the waters of a nonnavigable stream is recognized by the laws of Montana and Wyoming, and by sections 2339 and 2340 of the Revised Statutes [U. S. Comp. St. 1901, p. 1437] ; and the broad principle which underlies the relative rights of appropriators from the same stream is, that whoever is first in time is first in right, and the fact that the stream, the waters of which are appropriated, is interstate and nonnavigable, does not affect the rule.

4. Other questions argued by appellants, such as the alleged laches of the complainant, abandonment, adverse user by defendants, and insufficiency of the evidence to justify the decree as to the number of inches of water actually appropriated by the complainant and intervener, do not require discussion.

It is sufficient to say we find no error in the record, and the decree is therefore affirmed.