John Goodwin *versus* Allen Hubbard *and another.*

Where land was conveyed, by deed, *excepting and. reserving the pine trees and timber standing and lying on said lot,* the trees remain the property of the grantor.

And such grantor may maintain an action of trespass against the grantee or his assignee, who cuts and carries away any of them, although more than twenty years after the date of the deed.

This was an action of trespass, for cutting and carrying away certain pine trees. At the September term, the case was referred to Philip Eastman; and at April term, 1859, after hearing the parties, he awarded that the plaintiff recover $22, damages and costs, unless the Court should decide, on the following facts, that he cannot maintain his action, in which event the defendants were to recover costs: —

"On the 28th of October, 1834, the plaintiff and Ephraim Flint, being owners of the lot upon which the trespass is alleged, which is called the 'home lot,' conveyed it to John Abbott, the defendant's grantor, '*excepting and reserving the pine trees and the pine timber standing and lying on said lot.*'

" During the five following winters, the plaintiff and others interested with him took off most of the pine trees and timber, leaving one Norway pine, which had been marked M, for mast, and a few small white pine trees of the original growth. There was no evidence that the plaintiff, or others interested with him, ever took any thing from the lot after that time. In February, 1846, Ephraim Flint conveyed to the plaintiff his interest in an adjacent lot, owned by them in common, and he then also gave him a bill of sale of his interest in the reserved timber on this lot; and, in March, 1849, Ellis B. Usher, who had been originally interested with the plaintiff and Flint in the *timber* on both lots, gave the plaintiff a bill of sale of his remaining interest therein. It does not appear that Abbott had any knowledge of those bills of sale, and the only evidence tending to show his knowledge that plaintiff claimed the remaining trees was, that in the year 1846, when they were examining the timber on the adjacent lot, which was at that time sold by the plaintiff to Abbott, the plaintiff said to him, that ' if there was time, he should like to go over and see how much timber there was on the *home lot.*'

" The lot was conveyed by Abbott to Allen Hubbard in March, 1854, and the Norway pine, and seven white pine trees of the original growth, were cut by the defendants in the following winter; for which this action is brought."

The presiding Judge, GOODENOW, J., after hearing the parties, ordered judgment to be entered on the award for the plaintiff; and the defendants excepted.

*Ira T. Drew,* in support of the exceptions.

Where a grantor reserves timber, and specifies a time in which to take it off, he reserves only so much as he may take off within the time fixed; and if, by the terms of the reservation, no time is specified, the law will prescribe a reasonable time. The reservation gives the grantor a chattel interest, and not an estate of inheritance. It carries with it a right in the soil for the support of the trees while they remain, but only for the time specified or prescribed by law as a reason-

able time. This is all that is decided in *Howard* v. *Lincoln,* 13 Maine, 122.

The decision in *Clapp* v. *Draper,* 4 Mass., 266, is inapplicable to this case, the grant there being to H, "his heirs and assigns, of all the trees standing and growing on the land forever, with free liberty to cut and carry away said trees and timber at all times, at their pleasure forever." This was held to convey an estate of inheritance, and that such was the intention of the parties cannot be doubted. Neither is *Lyford's case,* 11 Coke, 46, analogous, that being a case of a lease, reserving a general interest in the trees.

The intention of the parties is to be carried out in all cases, if practicable. What was their intention in this case? The plaintiff took off, immediately, what trees he deemed it profitable to take, and had not been on the lot for sixteen years at the time of the alleged trespass. On these facts, can there be any doubt of the intention of the parties?

In determining what is a reasonable time, the law will consider the location and extent of the lot, which is a small lot connected and used with the farm, and called the "home lot."

To construe the reservation into a perpetual license, would deprive the owner of the land of the privilege of cultivating it and rendering it productive, as, if the owner of the trees should cut them gradually, the natural growth would keep the land constantly covered with trees, so that it could be used for no other purpose. *Pease* v. *Gibson,* 6 Maine, 81.

*H. J. Swasey, contra.*

The trees cut by the defendants were, in fact, trees which were reserved by the plaintiff, one of them being a tree marked by the plaintiff for a mast. The reservation is absolute, and without limitation or ambiguity. It is immaterial whether it gave him an estate of inheritance or only a chattel interest.

If A sells land to B, reserving a building thereon, B acquires no right to the building, nor can he acquire such right by lapse of time; although, if kept on the land an unreason-

.able time, B might, perhaps, cause it to be removed, or maintain an action against A for incumbering the land. *Clapp* v. *Draper*, 4 Mass., 266 ; *Lyford's case*, 11 Coke, 46 ; *Sanborn* v. *Hoyt*, 24 Maine, 118 ; *Allen* v. *Scott*, 21 Pick, 25 and 30 ; 2 Roll. Abr., 455 ; *Howard* v. *Lincoln*, 13 Maine, 122 ; *Hammond* v. *Woodman*, 41 Maine, 177 ; *Smith* v. *Ladd*, ib., 314 ; *Winthrop* v. *Fairbanks*, ib., 307.

The rights of the plaintiff do not depend upon a sale upon condition, or on a mere license or permit to cut, and the case differs essentially from *Pease* v. *Gibson*, 6 Maine, 81.

The opinion of the Court was drawn up by

TENNEY, C. J.—The referee made an alternative award. Judgment is to be entered thereon, according to the construction which the Court give to the reservation in the deed from the plaintiff to John Abbott, under whom the defendants claim title in the land, on which the trees in question were standing. The facts are to be treated as conclusively settled, and the law applicable thereto finally determined, excepting so far as it is presented in the referee's report.

The reservation is in these words:—" Excepting and reserving the pine trees and the pine timber standing and lying on said lot."

In *Lyford's case*, 11 Coke, 46, which was, where the party, seized in fee of a farm, leased it to the plaintiff and wife for life, " except timber trees, oak, &c., growing on the land, of more than twenty years' growth," it was .held that the trees remained the property of the lessor. This doctrine was applied, in the case of *Howard* v. *Lincoln*, 13 Maine, 122, where the reservation was in these words:—" Reserving all the pine timber on said land, above the size of ten inches in diameter, twenty feet from the stump." The cases referred to, are distinguished in no respect from the one before us, touching the point involved in the latter. *Exceptions overruled ;—*

*Judgment on the award of the referee.*

RICE, APPLETON, GOODENOW, and DAVIS, JJ., concurred.