[No. 14460.   Department One. — August 22, 1892.]

96    7<br>138 587

A. HEILBRON ET AL., RESPONDENTS, v. THE 76 LAND AND WATER COMPANY, APPELLANT.

ACTION — PARTIES — TRANSFER OF DEFENDANT'S INTEREST — PRESUMPTION — APPEAL. — After the transfer, by a defendant, of all interest in the subject-matter of the litigation, it is proper that all proceedings in the case, including an appeal, be taken for and on behalf of the grantee in the name of the original defendant; and in the absence of any showing to the contrary, it will be presumed that they were so taken.

ID. — ACTION TO ENJOIN DIVERSION OF WATER — CONVEYANCE OF CANAL — APPEAL BY GRANTOR — DISMISSAL. — An appeal taken in the name of the original defendant, in an action to restrain the diversion of the waters of a river by means of a canal owned by the defendant, from a decree entered therein against such defendant, will not be dismissed because of a conveyance by the defendant, prior to the appeal, of the canal and water right to another person, in the absence of any showing that the appeal was not taken for and on behalf of the grantee.

RIPARIAN RIGHTS — USE OF WATER FOR IRRIGATION — APPEAL — DIRECTION FOR NEW DECREE — "VIEWS EXPRESSED" IN OPINION — SUGGESTIONS ARGUENDO — MATTER OUTSIDE ISSUES — DIVERSION OF SURPLUS WATER. —In an action by a lower riparian proprietor against an upper riparian

owner to obtain a perpetual injunction restraining the latter from diverting the water through its canal, where it was held, upon a former appeal, in reversing·a decree ordering the defendant to fill up the head of the canal so as to prevent any water from flowing therein, that the defendant was entitled to a reasonable use of the water for the purpose of irrigating his riparian lands, and the appellate court also suggested, in its opinion, that "there may be times of flood or high water when no one below would be injured if defendant's.canal should carry away from the river surplus water to its full capacity," and ordered a decree to be entered in accordance with the "views expressed" in its opinion, but the pleadings raised no issue as to the defendant's right to divert the flood or surplus water from the river, and the remark concerning it was made merely for the purpose of showing the unreasonableness and unjustness of the decree of the lower court, such suggestion does not constitute one of the "views expressed" in the opinion, and it is not error for the lower court to refuse to insert in its amended decree, made after the going down of the *remittitur*, that the defendant was not enjoined from diverting "the surplus waters of said river at times of flood or high water, when the plaintiffs would not be injured thereby."

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing to amend it.

The facts are stated in the opinion.

*W. S. Goodfellow,* and *C. C. Wright,* for Appellant.

*Brown & Daggett, Daggett & Adams, Thompson & Thompson,* and *John Chetwood, Jr.,* for Respondents.

BELCHER, C.—The plaintiffs commenced this action in the superior court of Tulare County to obtain a perpetual injunction restraining the defendant from diverting any of the waters of Kings River into and through a certain canal constructed and owned by defendant. After trial the court granted the injunction as prayed for, and "further ordered, adjudged, and decreed that said defendant forthwith fill up the head of its said canal where it connects with the channel of said Kings River, and close the same so that no water can or will flow from said river into defendant's said canal." From this judgment, and an order refusing a new trial, an appeal was taken, and in deciding the questions presented on the appeal, it was, among other things, said by this court (80 Cal. 189):—

"It clearly appears that defendant is a riparian proprietor above the plaintiffs. Its lands can be irrigated with water carried through its canal, and irrigation is necessary to make them productive. Being an upper riparian owner, defendant is entitled, as against the plaintiffs, to make a reasonable use of the water of the stream for the purpose of irrigating its riparian lands, and it is only for an unreasonable and unauthorized use that an action will lie. What is a reasonable use is a question of fact, and depends upon the circumstances appearing in each particular case. [Citing authorities.]

"One of the purposes for which the defendant constructed its canal was to irrigate its lands. And the fact that it has not yet used the water upon its own lands cannot destroy or impair its right. . . . .

"This being so, we are unable to see how the court could properly grant a perpetual injunction restraining the defendant from ever, at any time or for any purpose, causing or permitting any water from the river to flow into or down its canal.

"Beside, there may be times of flood or high water when no one below would be injured if defendant's canal should carry away from the river surplus water to its full capacity. Why should defendant be required to fill up the head of its canal so that no water at such times can flow into it?

"From what has been said, it is not to be understood that defendant has a right, as against riparian owners farther down the stream, to divert water from the river for the purposes of sale, or for use on lands which are not riparian."

The judgment and order were accordingly reversed, and the cause remanded, with directions to the court below to enter a decree in conformity with the views expressed in the opinion.

Upon the going down of the *remittitur*, the court entered a new and modified decree, by which the defendant was forever enjoined and restrained from diverting into or through its canal any of the waters of Kings

River for sale, or for distribution or use upon lands not riparian, and also from diverting into or down its canal "any more of the waters of said river than such as are reasonably necessary to be used, and which, when so diverted, are actually used, for irrigation and domestic purposes upon" certain tracts of land described and found to be riparian.

Thereafter the defendant, after due notice, moved the court to amend the decree, "by providing therein that the defendant is not thereby enjoined or restrained from diverting from Kings River into, or through, or down its canal, the surplus waters of said river at times of flood or high water, when the plaintiffs would not be injured thereby," upon the ground that such amendment was necessary to make the decree conform to the views of the supreme court, expressed in its opinion, and remitted to the court below for its direction.

At the hearing of the motion, the plaintiffs were permitted, against the objection and exception of the defendant, to introduce and read in evidence a deed executed by defendant, and conveying its canal and water right, with certain exceptions, and also certain lands, to another corporation.

At the conclusion of the hearing, the court denied the motion, and thereupon the defendant appealed from the decree as entered, and the order refusing to amend it.

1. The respondents ask that the appeal be dismissed, because, having conveyed away its canal and water right, "the appellant is no longer the party in interest, and is not a party aggrieved by the judgment." We do not think the appeal should be dismissed for the reason stated. After the transfer it was proper that all proceedings in the case, including the appeal, be taken for and on behalf of the grantee, in the name of the original defendant; and in the absence of any showing to the contrary, it will be presumed that they were so taken. (*Malone* v. *Big Flat Gravel Min. Co.*, 93 Cal. 384.)

2. It is argued for appellant that the suggestion in the opinion of the supreme court, that "there may be times

of flood or high water when no one below would be injured if defendant's canal should carry away from the river surplus water to its full capacity," constituted a part of the " views expressed" in the opinion, in conformity with which the trial court was directed to enter the new decree, and that the decree, as entered, wholly ignored the mandate of the court in this regard, and to that extent was erroneous, and should have been amended. It is said that " by the judgment of the supreme court above cited, the defendant would be entitled, in times of flood or high water, when the plaintiffs would not be injured thereby, to carry away from Kings River the surplus water of said river to the full capacity of defendant's canal; and that under the judgment of the supreme court aforesaid, defendant would at all times be entitled to divert the waters of said river through its canal to the full capacity of said canal, whenever the plaintiffs would not be injured thereby "; and also that " during the greater part of the season the flow of water in Kings River is great enough to meet many times over the total demands made upon it; and to hold that in seasons of great abundance the riparian owner shall have the right to prevent the beneficial use of surplus waters is most unreasonable."

On the other hand, it is claimed by respondents that the issues tried and disposed of in the case did not involve any question as to the right to divert flood or surplus waters from the stream, but related solely to the riparian rights of the parties, and hence that the clause quoted and relied upon by counsel for appellant had no bearing upon or connection with the point actually decided, and therefore cannot be regarded as one of the "views expressed" in the opinion.

In one of the briefs filed for respondents it is said: " *Where it appears* that there is a surplus of water, no one can doubt that such surplus may properly be appropriated"; and the learned counsel then go on to state that there are statistical tables showing the amount of water flowing in Kings River at all times during the six years

ending in 1883–84, and that looking at these statistical tables, it appears that the flow of water in the river has not, at any time during the years named, been nearly large enough to meet the demands which are shown by the county records to have been made upon it prior to the construction of appellant's canal.

It is true that by the pleadings no issue was raised as to the right of appellant to divert from the river its flood or surplus waters, and hence that question was not, and could not have been, passed upon or decided by the trial court, or by this court on appeal.

It is also true that the remark, found in the opinion of this court, as to "times of flood or high water," was not made for the purpose of deciding any question arising in the case, but was merely thrown out to show how unreasonable and uncalled for was that part of the decree which required the defendant to forthwith fill up the head of its canal so that no water could ever flow into it.

This being so, it is apparent, we think, that the said remark was not intended to, and did not in fact, constitute one of the "views expressed" in the opinion, in conformity with which the trial court was directed to enter a new decree.

Under these circumstances, we see no error in the action of the court, and therefore advise that the judgment and order appealed from be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

PATERSON, J., GAROUTTE, J., DE HAVEN, J.