[S. F. No. 2564.   Department Two.—March 12, 1903.]

JOHN H. SEARS, Appellant, v. A. L. ACKERMAN, Respondent.

DEED—EXCEPTION OF TIMBER—FEE SIMPLE—DAMAGES—INJUNCTION.—
A deed of land, "with the exception of the timber of said land, which I reserve for my own use," does not merely reserve the right to remove the timber, but leaves the fee-simple title to the timber in the grantor, and he may maintain an action for damages for the cutting down of timber and to enjoin further destruction thereof.

ID.—CONSTRUCTION OF EXCEPTIONS AND RESERVATIONS.—Exceptions and reservations in grants are to be interpreted in favor of the grantor, and words of inheritance are not necessary to a title of inheritance in that which is excepted.

ID. — ACTION — TRANSFER OF INTEREST — CONTINUANCE IN NAME OF PLAINTIFF.—Where the interest of the plaintiff in an action has been transferred pending the litigation, it is not improper to continue the action in the plaintiff's name, even though the suit is for an injunction.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion.

H. Kincaid, for Appellant.

Standing timber is real property. (Civ. Code, sec. 658, 660.) The exception of the timber from the land conveyed was real property, and constituted an estate of inheritance. (Civ. Code, secs. 1072, 1092, 1105; Jones on Law of Real Property in Conveyancing, secs. 503, 505, 555, 599, 631, 1600, 1610, 1611; *Painter* v. *Pasadena L. and W. Co.*, 91 Cal. 74; *Whitaker* v. *Brown,* 46 Pa. St. 197; *Kister* v. *Beeser*, 96 Pa. St. 1; [1] *French* v. *Carhart*, 1 N. Y. 96; *Clap* v. *Draper*, 4 Mass. 266; [2] *Rich* v. *Zeilsdorff*, 22 Wis. 544; [3] *Knotts* v. *Hydrick*, 12 Rich. 314; *Howard* v. *Lincoln*, 13 Me. 122; *McClintock's Appeal*, 71 Pa. St. 365; *Goodwin* v. *Hubbard*, 47 Me. 595; *Wait* v. *Baldwin*, 60 Mich. 622; [4] *White* v. *Foster*,

[1] 42 Am. Rep. 608.              [3] 99 Am. Dec. 81.
[2] 3 Am. Dec. 315.               [4] 1 Am. St. Rep. 551.

102 Mass. 375; *Butler* v. *Gosling*, 130 Cal. 422.) Exceptions and reservations in grants are to be interpreted in favor of the grantors. (Civ. Code, sec. 1069; *Martin* v. *Lloyd*, 94 Cal. 195, 203.) No words of inheritance were necessary to constitute the exception an estate of inheritance. (Jones on Law of Real Property in Conveyancing, sec. 555; Civ. Code, secs. 1072, 1092, 1105; *Painter* v. *Pasadena L. and W. Co.*, 9 Cal. 74.) The plaintiff had the right to let the timber stand for his own use, and to enjoin destruction thereof. (Kerr on Injunctions, p. 270 et seq.; 1 High on Injunctions, 3d ed., secs. 722, 727; Hilliard on Injunction, 3d ed., p. 355.) Section 385 of the Code of Civil Procedure, in reference to the transfer of actions, and the continuance of the cause in the name of the original plaintiff, applies to all transferable actions, including suits for injunctions. (*Moss* v. *Shear*, 30 Cal. 467; *Heilbron* v. *76 L. and W. Co.*, 96 Cal. 7.)

Edward F. Fitzpatrick, for Respondent.

The plaintiff has ceased to be the real party in interest (Code Civ. Proc., sec. 367), and was not entitled to the injunction, or to any relief whatever. Where wood and timber are reserved, without fixing a definite time for their removal, a reasonable time is implied. (Jones on Law of Real Property in Conveyancing, sec. 465; *Hill* v. *Hill*, 113 Mass. 103; [1] *Gilmore* v. *Wilber*, 12 Pick. 120; [2] *Hoit* v. *Stratton Mills*, 54 N. H. 109; [3] *Knotts* v. *Hydrick*, 12 Rich. 314; *Putnam* v. *Tuttle*, 10 Gray, 48.)

GRAY, C.—This action was brought to recover damages for the destruction of certain timber claimed by plaintiff, and to enjoin the further destruction thereof. On a trial before the court without a jury, the defendant obtained a judgment. The plaintiff appeals from this judgment, and also from an order denying him a new trial. The evidence and findings show that plaintiff in 1883 was the owner of a tract of land consisting of seventy-six acres, at La Honda, in San Mateo County. In that year he conveyed for the nominal consideration of one dollar about one acre of said land by deed to "Joseph S. Alemany, Archbishop of the Catholic Church,

[1] 18 Am. Rep. 455.    [3] 20 Am. Rep. 119.
[2] 22 Am. Dec. 410.

and a resident of San Francisco City and County, Cal.'' In this deed, which was duly recorded, the premises were described by metes and bounds, followed by an exception as follows: ''Commencing ten feet north of the R. C. church now standing on said lot, running west,'' etc., ''containing one acre, more or less, with the exception of the timber of said land, which I reserve for my own use. To have and to hold,'' etc. A year and a half later, and in May, 1885, a deed of the same premises was executed by ''J. S. Alemany, of the city and county of San Francisco, state of California,'' to ''P. W. Riordan of the same place.'' The description in this was the same in substance as in the former deed. It commenced as follows: ''Commencing ten feet north of the Catholic church now standing on said lot; thence,'' etc., and was followed by an exception as follows: ''Containing one acre, more or less, with the exception of the timber thereon.'' This deed was signed ''J. S. Alemany [Seal].'' Some thirteen years later, on April 1, 1898, a deed of the same premises, containing no exception whatever, was executed by ''The Roman Catholic Archbishop of San Francisco, a corporation sole, organized and existing under the laws of the state of California,'' to ''August Lucien Ackerman,'' the defendant in this case. This deed was signed by ''The Roman Catholic Archbishop of San Francisco, a Corporation Sole [Seal], by P. W. Riordan, Incumbent [Corp. Seal].'' The description in this deed was, ''Commencing ten (10) feet north of the lot on which the Roman Catholic church stood in the year 1883, and running thence,'' etc.

The defendant went into possession of the premises near the date of the deed to him, and, as the uncontradicted evidence shows, proceeded to the work of clearing his land. He notified plaintiff to remove his timber, and plaintiff refused to do so, claiming the right to have the timber, which consisted of a beautiful grove of redwoods and other trees, remain for a windbreak to his hotel, about a hundred yards away, and to enhance the beauty of the view from said hotel. The defendant then cut down and destroyed much of the timber, and threatened to continue to burn and destroy the grove. This action was then begun by plaintiff.

The court below construed the clause excepting or reserving the timber in the deeds placed in evidence as leaving in

appellant no further interest in the land than that of the right to enter and remove the timber within a reasonable time. We think the trial court fell into error in taking this view of the deeds. The deeds are to be construed in such a way as to effectuate the purpose and intention of the parties to them. The deed from Alemany to Riordan shows clearly on its face that it was the understanding of the grantor therein that the timber was not merely reserved, with the right to remove the same from the land, but that it was actually excepted and intended to be excepted from the operation of the original deed from Sears, for this is the language of Alemany: "With the exception of the timber thereon." The timber was part and parcel of the real property referred to in the deeds. (Civ. Code, secs. 658, 660.) The title to it in fee simple had been in Sears prior to the execution of the deed by him, and it being by the language thereof clearly excepted from the operation of the deed, this title in fee simple remained where it had been. There is nothing in the language used to indicate that the purpose of the parties was confined to a right limited as to time, and the court should not presume an intention not indicated by the language used. (*Wait* v. *Baldwin*, 60 Mich. 622; [1] *Goodwin* v. *Hubbard*, 47 Me. 595; *Whitaker* v. *Brown*, 46 Pa. St. 197.) Exceptions and reservations in grants are to be interpreted in favor of the grantor. (Civ. Code, sec. 1069; Code Civ. Proc., sec. 1864.) Words of inheritance in connection with the exception were entirely unnecessary (Civ. Code, sec. 1072; *Painter* v. *Pasadena L. and W. Co.*, 91 Cal. 74), and a title of inheritance as to the timber remained in plaintiff without words of inheritance.

The distinction between a reservation and an exception is this: An exception is always of some part of the estate not granted at all. A reservation is always of something taken back out of that which is clearly granted. (1 Jones on the Law of Real Property in Conveyancing, secs. 502 et seq.) The title to the timber was excepted from the deed to the same extent and with the same effect as if the exception had been of a fractional portion of the land included within the exterior bounds set out in the instrument; and such an exception is not to be construed as a mere reservation. (*Butler* v. *Gosling*, 130 Cal. 422.)

[1] 1 Am. St. Rep. 551.

We should not overlook the facts surrounding the matter which must have been patent to defendant. The deeds disclose that they were in all probability made for church purposes, and a use by the church for a church edifice would in no way be inconvenienced by permitting the timber to remain on the lands; and the further fact that this timber had been permitted to remain where it was for many years does not detract anything from the force of the language in the deeds showing that an exception was intended, but these facts rather strengthen that view.

In the cases cited by respondent there is something in the language used by the parties in all of them to indicate that it was the intention merely to reserve the timber with the view of removing it from the land within a date agreed upon or within a reasonable date. Nothing of this kind is suggested in the language of the deeds now before us.

Though the interest of the plaintiff in the action had been transferred pending the litigation it was not improper to continue the action in the plaintiff's name (Code Civ. Proc., sec. 385), and this is so even though the suit is for an injunction. (*Heilbron* v. *76 L. and W. Co.*, 96 Cal. 7.)

The findings in the case to the effect that the defendant did not threaten to continue the destruction of the timber, and that plaintiff suffered no damage by such destruction, are in direct opposition to the undisputed evidence. The case as presented was a proper one for damages and an injunction.

It becomes unnecessary to discuss the question of defendant's title in the land, or to decide whether any title at all was conveyed to him by the deed of the corporation sole.

The judgment and order should be reversed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Shaw, J., Lorigan, J.