[Civ. No. 608.    Second Appellate District.—March 20, 1909.]

## ELIZABETH E. PITCAIRN, Respondent, v. L. V. HARKNESS, Appellant.

DEED—METES AND BOUNDS—RESERVATION OF STRIP FOR STREET PURPOSES—EXCEPTION NOT MADE—EASEMENT RESERVED.—When a husband conveyed land to his wife by metes and bounds, reserving a strip of land on the east side of the tract twenty-five feet in width, adjoining his remaining land on the east, such reservation does not operate as an exception to the land conveyed, but merely reserves an easement or right of way over the strip for street purposes.

ID.—NATURE OF "EXCEPTION" AND "RESERVATION."—An "exception" is of some part of the estate not granted at all; while a "reservation" is always of something taken back out of that which is clearly granted.

ID.—CONSTRUCTION OF CIVIL CODE—RULE IN FAVOR OF GRANTOR CONSTRUED WITH OTHER RULES—INTENTION OF PARTIES CONTROLLING. The rule declared in section 1069 of the Civil Code, that reservations in a grant shall be construed in favor of the grantor, is to be considered in connection with other rules of interpretation contained in that code, the most prominent of which is that all interpretations shall be directed toward the ascertainment of the true intention of the parties, which was manifestly not to except the strip, but to reserve an easement therein.

ID.—GRANT BY OWNER OF REMAINING LAND WITH EASEMENT.—Where the owner granted his remaining land bordering on the strip to

a third party, stating that it is intended to include his right in the strip for street purposes, the purchaser takes all his easement in and right of way over the strip as his successor in interest thereof, whether the easement be regarded as appurtenant to the land or in gross.

ID.—USE OF LAND FOR STREET OR ROAD IMMATERIAL—EASEMENT.— The use of the land reserved by the grantor, and granted by him to his successor in interest, for a street or road is not material, since easements arising by deed are never lost by nonuser.

ID.—CULTIVATION OF STRIP NOT ABANDONMENT OF RIGHT OF WAY.— The cultivation of the strip by the grantor of the easement does not constitute an abandonment by him of his right of way.

ID.—ACTION TO DETERMINE CONFLICTING CLAIMS TO STRIP—FINDING AGAINST EVIDENCE.—In an action by the owner of the strip of land, to determine adverse claims against the owner of the easement, a finding that the plaintiff was the owner of the land and that defendant had no right or interest therein, was against the evidence in so far as it denied the defendant's right to the easement, or right of way over the strip.

ID.—CROSS-COMPLAINT UNNECESSARY.—In such an action a cross-complaint is unnecessary, and performs no effective office; but under the complaint and answer it was competent for the court to determine the respective rights of the parties as shown by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Wright, Bell & Ward, for Appellant.

C. J. Willett, and M. B. Butler, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment and order denying a new trial. The action was one to determine conflicting claims to a certain twenty-five foot strip of ground lying between tracts of land owned by the respective parties. Plaintiff in her complaint alleged exclusive ownership and right of possession thereto, which was denied by the answer, and defendant, in addition, filed a cross-complaint in which he claimed the exclusive ownership and right of possession as against plaintiff.

The court found that plaintiff was the owner and entitled to such possession, and that defendant had no right or interest therein. This appeal rests upon the specification of error in relation to the inaccuracy of this finding. It appears from the evidence set out in the statement on motion for a new trial that in 1883 one Wharton acquired a tract of land in the city of Pasadena containing forty-one acres, the northerly line of which tract extended from the intersection of the center line of Hill avenue with the center line of Colorado street easterly along the line of Colorado street a distance of eighteen and sixty-five hundredths chains. No conveyance of said tract by Wharton appears to have been made until May 7, 1887, at which date he conveyed to his wife a portion of said tract, the northerly line of which commenced at the intersection of the streets above named, and thence extended easterly ten and forty-nine hundredths chains to a point; thence south, west and to the place of beginning, the area of which included twelve acres of land, "reserving therefrom a strip of land twenty-five feet wide off the east side for street purposes." Two days thereafter Wharton entered into a contract with one Dennison, through which he agreed to sell and Dennison agreed to buy eighteen and eighteen hundredths acres lying east of the land conveyed to the wife, and in the description of the land so agreed to be sold the northwest corner thereof was identical with the northeast corner of the twenty-five foot strip. Wharton having deceased, thereafter by virtue of an appropriate decree of the probate court in the matter of the estate of Wharton, his administrator conveyed to Dennison's assignee the land so agreed to be sold, and in the deed the premises were described as commencing at a point which is the northeast corner of the twenty-five foot strip in controversy; thence east to the northeast corner of the forty-one acre tract; thence south, west and north so as to include all of the lands owned by Wharton east of the said twenty-five foot strip mentioned in the deed to the wife. In the deed and contract of Dennison, however, is found this statement: "Said purchase includes 25 feet joining the west side of the above 18.18 acres, to be used for streets." No controversy as to conflicting line or surveys is presented; nor is there anything in the record warranting a claim by either of a title by prescription. In fact, appellant concedes this point.

The only question for determination is as to the effect which should be given the reservation in the deed to the wife and the effect of the reference to the strip in question in the subsequent contract and deed to Dennison. We are of opinion that the reservation in the deed to the wife was not intended to except from the operation of the deed the strip mentioned. ''An exception is always of some part of the estate not granted at all. A reservation is always of something taken back out of that which is clearly granted.'' (*Sears* v. *Ackerman,* 138 Cal. 586, [72 Pac. 172].) That the strip was included within the general description of the tract granted to the wife is clearly expressed. What was taken back out of the grant was the reserved right to use the strip for street purposes. This interpretation we think proper, notwithstanding section 1069, Civil Code, which provides that reservations in a grant shall be interpreted in favor of the grantor. Such rule must be considered in connection with other provisions of the code in reference to interpretations, the most prominent of which is that all interpretations should be directed toward the ascertainment of the true intent of the parties. Keeping in mind these rules, we endeavor to ascertain what was the true intent and meaning of Wharton when he executed the conveyance to his wife and inserted therein the reserving clause. Had Wharton intended that the twenty-five foot strip should not be included in the conveyance to the wife, there was no necessity for continuing the northerly line so as to include this strip, for he owned the land to the east thereof. That he did continue such line so as to include the strip is significant and indicates to our mind an intention that the same should be included within the conveyance. The reasoning employed in *Abraham* v. *Abbott,* 8 Or. 54, wherein the facts presented were similar to those under consideration, is most convincing, and from which we are led to say that, Wharton being the owner of the land to the east of the tract conveyed to the wife, if he did not intend to grant any interest in this twenty-five foot strip, he will not be presumed to have included it in the deed for the mere purpose of reserving it, if any other reasonable construction can be given to the language of the instrument. Otherwise, we can see no reason why the grantor should have included this strip in the description of the land.

This reservation in the deed to the wife, we think, was for the purpose of securing to Wharton and to the land owned by him lying to the east an easement and right of way, and the language employed was not with the intent to exclude the strip from the conveyance. This being true, it must follow that after the execution of the deed to the wife no interest in the twenty-five foot strip remained in Wharton other than the easement rights reserved. This construction of the deed seems to have been acquiesced in by all parties, for the grant to Dennison by metes and bounds was only of the land lying east of the strip. The statement in the contract of Wharton with Dennison that the purchase includes the strip to be used for street purposes is but another way of expressing an intent that Dennison, as successor in interest of the grantor, should be entitled to all rights of way reserved by Wharton in the strip, and this easement reserved by Wharton, Dennison acquired by his deed, whether the easement reserved be one appurtenant to the remaining land of Wharton or deemed one in gross. (*Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 37, [41 Pac. 1024].) Appellant being the successor of the easement rights of Wharton, the court erred in holding that he possessed no interest, claim or right in or to said strip. It matters not that the strip was never used for a street or road. Easements granted are not lost by mere nonuser; nor would the cultivation of the strip by appellant amount to an abandonment of his right of way. The issue presented by the complaint and answer was as to plaintiff's exclusive right to said strip of ground. In actions of this character, cross-complaints are unnecessary and perform no effective office, and under the complaint and answer it was competent for the court to have determined the respective rights of the parties as developed by the evidence.

The finding that defendant had no claim or interest—which must be taken as a finding that he had no right of way over said strip—is unsupported by the evidence.

The judgment and order are, therefore, reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J. concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 21, 1909, and a petition to

have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1909.