[S. F. No. 8347. In Bank.—April 3, 1920.]

## J. T. COON, Respondent, v. THE SONOMA MAGNESITE COMPANY (a Corporation), Appellant.

[1] Deed — Reservation of Right of Way — Uncertainty of Description — Right of Subsequent Delimitation.—A clause in a deed saving and excepting therefrom a strip of land for a road to be built at some future time is not void for uncertainty of description when construed as a reservation, since under such circumstances the owner of the servient estate may in the first instance designate a reasonable way, and if he fails to do so, the owner of the dominant estate may designate it.

[2] Id.—Construction of Clause in Deed—Uncertainty in Description—Reservation and not Exception.—A clause in a deed saving and excepting therefrom a strip of land for a road to be built at some future time, which is so uncertain in description as to be void when construed as an exception of the fee of the strip, but which is valid when construed as an easement, will be given the latter construction in view of section 1069 of the Civil Code, which provides an exception is construed most strongly in favor of the grantor.

[3] Id.—Exception of Strip for Future Road—Wagon Road.—A clause in a deed to a quarter-section of land "saving and excepting therefrom a strip of land forty feet wide along the banks of the east fork of Austin Creek all the way across the said land, for a road to be built at some future time," is to be construed as reserving a right of way for a wagon road and not for a private railroad.

[4] Id.—Reservations and Exceptions—Construction.—While the difference between reservations and exceptions is well defined, the use of the word "excepting" or "reserving" is not alone determinative of the question, and the effort of the court should be to construe the whole conveyance for the purpose of ascertaining the real intention of the parties and give it effect accordingly, regardless of the use of the appropriate terms "reserving" or "excepting."

[5] Id.—Reservation of Easement—Construction of Deed.—In a conveyance of a quarter-section of land containing the clause "saving and excepting therefrom a strip of land forty feet wide along the banks of the east fork of Austin Creek all the way across the said land, for a road to be built at some future time,"

4. General distinctions between exception and reservation of easements, notes, 18 Ann. Cas. 799; 20 L. R. A. 631.

the phrase "for a road" modifies the whole clause and shows the intention of the parties to have been to reserve a right of way for a road rather than to except the fee to the strip from the operation of the deed.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb and W. H. Cobb for Appellant.

J. R. Leppo and Kellogg & Kyle for Respondent.

WILBUR, J.—Plaintiff claims title to 160 acres of land across which the defendant was constructing a railroad and telephone line at the time of the commencement of the action, under a claim of ownership of a strip forty feet wide. The action was to enjoin the further construction of the railroad. The trial court granted the relief prayed for and adjudged that the plaintiff was at the time of the commencement of the action the owner in fee simple of the entire quarter-section and that the defendant had no interest therein, and enjoined the defendant from constructing said railroad. Both plaintiff and defendant claim under conveyances from a common grantor, one M. C. Meeker. Meeker conveyed the quarter-section to the plaintiff by deed containing the following clause: "saving and excepting therefrom a strip of land forty feet wide along the banks of the east fork of Austin Creek all the way across the said land, for a road to be built at some future time." Subsequently Meeker entered into a contract with A. B. Davis, in which it was recited that Davis was desirous of securing transportation facilities for the transfer of the Sonoma Magnesite Company's material from their quarries to the Northwest Pacific Railroad at a point at or near Watson, Sonoma County, California, and desired the right of way for the construction of a road from said quarries to Watson, "which road over the land described herein shall be for the exclusive use of the parties hereto, and the Sonoma Magnesite Company," and then declared that Meeker "does hereby grant to the party of the first part a right of way not to exceed forty feet in width through his land for the con-

struction of said road, it being understood and agreed that said road shall, as far as practicable, follow the meanderings of East Austin Creek." The defendant claims that the above-mentioned clause in the deed from Meeker to Coon was an exception so that the fee was retained in Meeker to the forty foot strip along East Austin Creek, and that as Meeker was thus the owner of the fee, he had a right to grant a right of way for the railway in question to Davis for the defendant. Plaintiff's claim is that the description contained in the above-mentioned clause is so indefinite and uncertain as to be void, and that, therefore, the plaintiff took title to the entire 160 acres described in the deed from Meeker to him. The trial court took the view that the description was void for uncertainty, and found that the title to the entire 160 acres was in the plaintiff and granted relief accordingly, enjoining the defendant.

The first question requiring solution is as to the effect of the clause in the deed from Meeker to Coon. The phrase, "saving and excepting therefrom a strip of land forty feet wide," etc., is apt in its phraseology for an exception of the fee in the land, and if there was no further provision in the clause, it should undoubtedly be construed as an exception rather than a reservation. But the clause, "for a road to be built at some future time" makes it necessary to consider whether or not it was the purpose of the parties merely to reserve a right of way for a road. [1] If we construe the clause as a reservation of a right of way, the objection that the description is too uncertain to be valid would be overcome by the rule which permits the delimitation of the right of way subsequent to the conveyance. As was said in *Ballard* v. *Titus*, 157 Cal. 673, 683, [110 Pac. 118, 122]: "It is settled law that where an unlocated right of way is granted or reserved, the owner of the servient estate may in the first instance designate a reasonable way, and if he fails to do so, the owner of the dominant estate may designate it. (Jones on Easements, sec. 337; *Kripp* v. *Curtis*, 71 Cal. 62, [11 Pac. 879]; *Blum* v. *Weston*, 102 Cal. 362, [41 Am. St. Rep. 188, 36 Pac. 778].)" (See, also, *Messer* v. *Oestreich*, 52 Wis. 684, [10 N. W. 6].) Under our code, which establishes a different rule from that of the common law, an exception is construed most strongly in favor of the grantor. (Civ. Code, sec. 1069; *Martin* v.

*Lloyd,* 94 Cal. 195, [29 Pac. 491]; *Sears* v. *Ackerman,* 138 Cal. 583, [72 Pac. 171]; *Ballard* v. *Titus, supra.*) **[2]** If the clause is so uncertain as to be void when construed as an exception, but is valid when construed as a reservation of an easement, this rule of construction would require us to construe the clause as a reservation of an easement for a road, as most favorable to the grantor, and the conclusion of the trial court that the defendant had no interest in the 160 acres of plaintiff, because of the uncertainty in the conveyance, was erroneous, for the reason that the grantor Meeker at least retained a right of way for a road, and the conveyance by Meeker to Davis for the construction of the road for the benefit of the defendant authorized the construction of a road along the right of way so reserved and designated by the defendant, provided such designation was a reasonable one. (See *Pollard* v. *Maddox,* 28 Ala. 321.) While it is true that the deed from Meeker to Davis purported to grant a right of way "across my land," the purpose of the instrument shows that it was to secure to the defendant a road for the transportation of its materials from their quarries to the railroad near Watson, Sonoma County, along East Austin Creek, and would therefore authorize the construction of a road along the strip so reserved by his grantor Meeker. **[3]** But the right of the plaintiff to construct a railroad instead of a wagon road is predicated upon the theory that the fee of the forty foot strip is *excepted* from the operation of the deed from Meeker to the plaintiff, for only on this theory is the conduct of defendant authorized, because an easement for a wagon road would not justify the construction of a railroad along such strip. We will, therefore, further consider the question as to whether or not the forty foot strip referred to in Meeker's deed to plaintiff is an exception of the fee. **[4]** While the difference between reservations and exceptions is well defined (*Lange* v. *Waters,* 156 Cal. 142, [19 Ann. Cas. 1207, 103 Pac. 889]), it is universally held that the use of the word "excepting" or "reserving" is not alone determinative of the question, but that the effort of the court should be to construe the whole conveyance for the purpose of ascertaining the real intention of the parties and give it effect accordingly, regardless of the use of the appropriate terms "reserving" or "excepting." (*Painter* v. *Pasadena L. & W.*

*Co.,* 91 Cal. 81, [27 Pac. 539]; 2 Devlin on Deeds, secs. 980, 980a.)  The only language in the clause under considera- tion which indicates that the intent of the parties was to re- serve the *fee* is the provision for the "exception" of a strip of "land." The fact that this is a strip forty feet wide which meanders a stream, and is to be used for a road, is, however, an indication that the parties contemplated an easement rather than an exception.  It is evident that the parties had in mind the construction of a road which would be beneficial to both parties.  Until such road was con- structed, the grantee would have the right to use this strip as well as the balance of the land for any suitable purpose, and thereafter for any purpose not inconsistent with the easement. [5] ·The phrase "for a road" modi- fies the whole clause.  Similarly in construing contracts and deeds for railroad rights of way such deeds are usually construed as giving a mere right of way, although the terms of the deed would be otherwise apt to convey a fee.  (*Aber- crombie* v. *Simmons*, 71 Kan. 538, [114 Am. St. Rep. 509, 516, note, 6 Ann. Cas. 239,· 243, note, 1 L. R. A. (N. S.) 806, 81 Pac. 208].)  It is true that there are cases holding that apt words for the conveyance of a fee will vest the fee in the railroad company, but the same reasoning which would justify a conclusion that unless it is exceptionally clear in the conveyance that a fee is intended, a right of way only is conveyed, would lead to the conclusion that the clause with reference to the forty foot strip in the deed from Meeker to plaintiff merely reserved a right of way for a road.  If we should construe the deed as excepting a fee in the land of a forty foot strip along the East Austin Creek, such exception would be valueless to the defendant unless it is also held that it had a right to locate its railroad or road upon a grade and in places where it would be possible to construct such a railroad or road.  It is true that there are decisions that under certain circumstances where a fee is excepted or granted by indefinite and uncertain descrip- tion, the grantor has a right to elect where he will locate the land thus imperfectly described (*Smith* v. *Furbish,* 68 N. H. 123, [47 L. R. A. 226, 44 Atl. 398]; *Simpson* v. *Blais- dall,* 85 Me. 199, [35 Am. St. Rep. 348, 27 Atl. 101]; 13 Cyc. 679; *Benn* v. *Hatcher,* 81 Va. 25, [59 Am. Rep. 645]); or such deed may be treated as an agreement to convey.

(*Louisville R. R. Co.* v. *Boykin,* 76 Ala. 560; *Hoard* v. *Huntington,* 59 W. Va. 91, [8 Ann. Cas. 929, 53 S. E. 278].) Under these decisions, if applicable—and on this point we express no opinion (see *Lange* v. *Waters,* 156 Cal. 142, [19 Ann. Cas. 1207, 103 Pac. 889]), defendant would have a right to locate the forty foot strip of land, but the appropriate location for a wagon road might not be at all practicable for a railroad. On the whole, therefore, we conclude that it would be contrary to the intention of the parties to the deed from Meeker to Coon to use the strip in question for a private railroad, which is a great disadvantage to the land of the plaintiff, rather than an advantage, and that the deed should be construed as reserving a right of way for a wagon road. In view of the conclusion that the defendant is entitled to use a forty foot right of way to be located as stated in *Ballard* v. *Titus, supra,* for a wagon road, and is not entitled to use the strip for a railroad, it is necessary to reverse the case in order that further proceedings may be had in accordance with this opinion. In view of our conclusion that the appellant is entitled to a right of way for a road and to a reversal of the judgment, we deem it unnecessary to discuss the points advanced by it concerning the form of the action.

The judgment appealed from is reversed.

Shaw, J., Olney, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Shaw, J., who was absent.