[Sac. No. 3825. In Bank.—February 15, 1927.]

C. H. HARTWIG et al., Appellants, v. E. E. PROPER, as Administrator, etc., et al., Respondents.

[1] DEEDS—DESCRIPTION—CONSTRUCTION.—In this action to quiet title, the judgment is affirmed on the authority of *Hartwig et al.* v. *Central-Gaither Union School District et al.*, *ante*, p. 425.

APPEAL from a judgment of the Superior Court of Sutter County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Hewitt and Loyd E. Hewitt for Appellants.

Arthur Coats for Respondents.

LANGDON, J.—This is an appeal by plaintiffs from a judgment in an action to quiet title to certain real property in Sutter County, California, which judgment decreed that the plaintiffs have no right, title, or interest in said land and that the heirs of James W. Gaither and of M. E. Gaither are the owners of the same in fee, subject to the right of possession, for the purposes of administration, of the defendant E. E. Proper, as administrator of the estate of James W. Gaither, deceased, and of M. E. Gaither, deceased, and that said administrator is now entitled to the possession of said property.

The facts are undisputed and the appeal presents the single question of the construction of a deed.

On August 4, 1873, the land involved here, as a part of a larger tract, was the property of James W. Gaither, and on that date he and his wife, by good and sufficient deed, granted to the trustees of the Gaither School District a lot consisting of one acre and 106 square rods, situated in the northwest quarter of section 32, township 14 north of range 3 east, Mount Diablo meridian, and running south nineteen rods; thence east fourteen rods; thence north nineteen rods,

and thence west fourteen rods to the place of beginning. This deed contained the condition that said premises should be used for educational purposes only and that when they ceased to be so used, they should revert to the grantors thereof, their heirs and assigns.

According to the stipulation of the parties as to facts and the findings of the trial court, about a year after the execution of the deed above mentioned, Gaither and his wife granted and conveyed to Bethel Way "the Northwest quarter of section thirty-two, Township fourteen North, Range three east, Mount Diablo Meridian in Sutter County, California, containing 160 acres, *less one acre and one hundred and six square rods deeded by said James W. Gaither and M. E. Gaither, his wife in the year 1873 to Gaither School District, said lot being the northwest corner of the above parcel of land.*"

There were no further conveyances from the Gaithers, and the plaintiffs, by mesne conveyances, have succeeded to all right, title, and interest of Bethel Way under the aforementioned deed to him made by Gaithers in 1873. In the meantime, as found by the trial court, the land granted to the school district had ceased to be used for school purposes for more than three years prior to the bringing of this action. The "school land" had reverted, therefore (*Papst* v. *Hamilton,* 133 Cal. 631 [66 Pac. 10]), and the question presented by the record is whether that reversionary interest remained in the heirs of Gaither or whether it passed by deed made in 1873 from Gaithers to Bethel Way and from Bethel Way, through successive transfers, to the present plaintiffs. The problem is determined by the language which we have quoted from said deed given by Gaithers to Way.

[1] This identical question was presented by the record in the companion case to this one (*Hartwig et al.* v. *Central-Gaither Union School District et al., ante,* p. 425 [253 Pac. 733]), which was brought by the present plaintiffs to quiet title to this same land against the school district and in which action this court has this day determined the effect of the deed from the Gaithers to Bethel Way. Both cases were submitted to this court, by stipulation, upon the same points and authorities and the decision of the one, necessarily, concludes the other.

Upon the authority of *Hartwig et al.* v. *Central-Gaither Union School District et al., supra,* and for the reasons

therein stated, the judgment appealed from in this action is affirmed.

Preston, J., Curtis, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.