[Sac. No. 3768. In Bank.—February 15, 1927.]

## C. H. HARTWIG et al., Appellants, v. CENTRAL-GAITHER UNION SCHOOL DISTRICT et al., Respondents.

[1] DEEDS—DESCRIPTION—EXCEPTIONS—CONSTRUCTION.—Where a deed conveys "the northwest quarter" of a certain section of land, "less one acre and one hundred and six square rods" previously deeded by the grantors to another party, there is no ambiguity in the description and it will be construed as granting the quarter-section, less the one acre, more or less.

[2] ID.—RESERVATION IN GRANT—INTERPRETATION—SECTION 1069, CIVIL CODE.—Under section 1069 of the Civil Code, a reservation in a grant is to be interpreted in favor of the grantor.

[3] ID.—GRANT FOR SCHOOL PURPOSES—REVERSION OF TITLE.—Where a grant of land was made to a school district with the condition in the deed that the premises should be used for educational purposes only and that when they ceased to be so used they should revert to the grantors, their heirs and assigns, and thereafter the grantors conveyed to other parties the section of land in which the tract granted to the school district was located, excepting therefrom the latter tract, upon the ceasing of use of the land conveyed for school purposes it reverted to the original grantors.

(1) 9 C. J., p. 227, n. 66, p. 229, n. 73 New; 18 C. J., p. 253, n. 32, p. 256, n. 73.   (2) 18 C. J., p. 345, n. 46.   (3) 18 C. J., p. 344, n. 37.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

2.  See 9 Cal. Jur. 326.

A. H. Hewitt and Loyd E. Hewitt for Appellants.

Arthur Coats for Respondents.

LANGDON, J.—This is an appeal by plaintiffs from a judgment in an action to quiet title to certain real property in Sutter County, California. The judgment decreed that neither the plaintiffs nor the defendants had any right, title, or interest in the land in controversy.

On August 4, 1873, the land involved here, as a part of a larger tract, was the property of James W. Gaither, and on that date he and his wife, by good and sufficient deed, granted to the trustees of the Gaither School District a lot consisting of one acre and 106 square rods, situated in the northwest quarter of section 32, township 14 north of range 3 east, Mount Diablo meridian, and running south nineteen rods; thence east fourteen rods; thence north nineteen rods, and thence west fourteen rods to the place of beginning. This deed contained the condition that said premises should be used for educational purposes only and that when they ceased to be so used they should revert to the grantors thereof, their heirs and assigns.

According to the stipulation of the parties as to facts and the findings of the trial court, about a year after the execution of the deed above mentioned, Gaither and his wife granted and conveyed to Bethel Way ''the Northwest quarter of section thirty-two, Township Fourteen north, Range three East, Mount Diablo Meridian in Sutter County, California, containing 160 acres, *less one acre and one hundred and six square rods deeded by said James W. Gaither and M. E. Gaither, his wife in the year 1873 to Gaither School District, said lot being the northwest corner of the above parcel of land.*''

There were no further conveyances from the Gaithers, and the plaintiffs, by mesne conveyances, have succeeded to all right, title, and interest of Bethel Way under the aforementioned deed to him by Gaithers in 1873. In the meantime, as found by the trial court, the land granted to the school district had ceased to be used for school purposes for more than three years prior to the bringing of this action. The ''school land'' had reverted, therefore (*Papst* v. *Hamilton,* 133 Cal. 631 [66 Pac. 10]), and the question presented

by the record is whether that reversionary interest remained in the heirs of Gaither, who were not parties to this action, or whether it passed by deed made in 1873 from Gaithers to Bethel Way and from Bethel Way, through successive transfers, to the present plaintiffs. The problem is determined by the language which we have quoted from said deed given by the Gaithers to Way.

[1] Appellants contend that this instrument grants the entire quarter-section and that the excepting clause is, in effect, meaningless, because it is at variance with the grant of the quarter-section. This argument proceeds upon the theory that the exception is an attempt to describe the property by acreage and that such description is secondary to a description by boundaries. We think this rule of construction has no application to the facts of this case. The grant was not of the entire quarter-section, but of the quarter-section, less one acre, more or less, which was more particularly described by reference to a previous conveyance. There is no ambiguity about the deed from the Gaithers to Way, and the intent of the parties must be gathered from the instrument itself and the language used therein. It is pertinent to inquire here, as was done in the opinion upon a closely similar state of facts (*Seligman* v. *Carr,* 8 Cal. App. 572 [97 Pac. 324]): "Why was the excepting clause inserted if not to reserve some interest in the grantors or to take some interest out of the operation of the deed?" In the case last mentioned, it was said, in considering a closely analogous state of facts: "In whom is vested the reversionary interest in the two acres conveyed to the school district, which is designated as the school land? The court found that a two-thirds interest belongs to plaintiffs and that one-third is vested in defendant Webb. The court decided that in view of the exception or reservation in the deed of William and John to Samuel Frey, of January 30, 1884, they conveyed to Samuel only an undivided half of their interest in that part of the twenty-acre tract that was not conveyed to the school district; that the school land was excepted from the operation of the deed and hence when Samuel Frey, in November, 1884, conveyed to Carr, his deed conveyed no greater reversionary interest in the school land than he reserved when he deeded to the

school district, which was one-third, and this the court awarded to defendant Webb.''

[2] Our conclusion in the instant case, as well as the conclusion of the court in *Seligman* v. *Carr, supra,* is fortified by section 1069 of the Civil Code, which provides that a reservation in a grant is to be interpreted in favor of the grantor.

[3] It appears from the undisputed facts that neither the plaintiffs nor the defendants have any right, title, or interest in the land to which title was sought to be quieted, and the judgment and decree appealed from is affirmed.

Preston, J., Curtis, J., Waste, C. J., Richards, J., Seawell, J., and Shenk, J., concurred.