LEWIS et al. v. STANDARD OIL CO. OF CALIFORNIA.

No. 8086.

Circuit Court of Appeals, Ninth Circuit.
Feb. 23, 1937.

L. G. Campbell and Eugene M. Elson, both of Los Angeles, Cal., for appellants.

Lawler & Degnan, Max Felix, and Brenton L. Metzler, all of Los Angeles, Cal., for appellee.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

HANEY, Circuit Judge.

This is an appeal from a decree enjoining appellants from drilling for oil on a strip of land 40 feet wide, which decree was entered in a suit brought by appellee against appellants and another.

It appears from the findings that on and prior to March 1, 1909, one Baldwin was the owner in fee of the 40-foot strip, and on that day died. Pursuant to the terms of his last will and testament, one Unruh was appointed executor and sold a tract of land, consisting of approximately 60 acres, by deed dated October 1, 1912, to one Temple. The deed contains, after the description by metes and bounds, the following provision: "Excepting and reserving, however, for road purposes, a strip of land of a uniform width of forty (40) feet, immediately along and adjoining on the Easterly and Southeasterly side of the entire length of the Westerly and Northwesterly boundary line of said two parcels of land."

This deed was properly recorded thereafter.

Temple let the premises to one Kent by oil lease dated August 11, 1915, which lease contained the following provision after the description: "Excepting a strip of land of a uniform width of forty (40) feet immediately along and adjoining on the Easterly and South Easterly side of the entire length of the Westerly and Northwesterly boundary line of said two parcels of land, reserved for road purposes."

By this provision, the trial court found that "the parties to said Temple lease in-tended to and did reserve to the party of the first part therein an easement for road purposes over said forty-foot strip and did not intend to, and did not, except any of the oil, gas or other hydrocarbon substances in or under said forty-foot strip. * * *"

Thereafter the lease was recorded in the proper county.

The lease was assigned in writing on November 6, 1916, by Kent to Standard Oil Company, the assignment being properly recorded. Standard Oil Company assigned the lease to appellee, the assignment being properly recorded.

Thereafter, and on June 16, 1933, Temple made and delivered a quitclaim deed to appellants, which was properly recorded. Appellants made and delivered a "Gas and Oil Lease" to defendant Nance.

Appellee and its predecessor in interest have drilled seventeen oil wells on the property covered by the Temple lease, none of which are located on the 40-foot strip. All of these wells are capable of producing oil, gas, and other hydrocarbon substances in commercially paying quantities. The oil-producing horizons underlying the surface of the Temple lease are predominately sands of a coarse nature, which offer a minimum resistance to the movement of fluids. The trial court further found:

"Oil wells upon these leases have a drainage area in excess of a four hundred (400) foot radius for each well. The wells now drilled upon said premises are sufficient to economically take the oil from the whole of said premises. Any new wells which might be drilled would take oil that may be produced from existing wells.

"If wells are drilled upon said forty-foot strip, such wells will drain oil from * * * the Temple [lease] * * * within a distance of exceeding 380 feet from said forty-foot strip."

Defendant Nance entered the 40-foot strip about August 26, 1933, and began preparations for drilling thereon.

Appellee thereupon filed this bill to enjoin appellants and defendant Nance from drilling or using said 40-foot strip, and for an adjudication that appellants and defendant Nance have no title to such 40-foot strip for drilling purposes.

The trial court entered a decree in conformity with the prayer of the com-

plaint from which this appeal is taken. Defendant Nance did not appeal.

Appellant states the questions' involved as follows: "First, did the clause 'excepting' the forty (40) foot strip in the lease from Temple to Kent constitute an 'exception' of the fee thereto from operation of the lease, or did it merely constitute a 'reservation' of an easement or right of way for road purposes, the fee passing under the lease and the 'easement' only remaining in the lessor; and second, was it proper for the trial court in the determination of this question to admit parol evidence."

With respect to the first question, to which the first, second, seventh, and eighth assignments are directed, in Sears v. Ackerman, 138 Cal. 583, 586, 72 P. 171, 172, it is said: "The distinction between a reservation and an exception is this: An exception is always of some part of the estate not granted at all. A reservation is always of something taken back out of that which is clearly granted." See, also, Lange v. Waters, 156 Cal. 142, 103 P. 889, 19 Ann.Cas. 1207; Pitcairn v. Harkness, 10 Cal.App. 295, 298, 101 P. 809.

To determine whether a reservation or an exception has been made; we must look to the substance of the right excepted or reserved, and make an independent determination, regardless of how the right is termed in the instrument—whether termed "exception" or "reservation." Painter v. Pasadena L. & W. Co., 91 Cal. 74, 81, 27 P. 539; Lange v. Waters, 156 Cal. 142, 146, 103 P. 889, 19 Ann.Cas. 1207; Coon v. Sonoma Magnesite Co., 182 Cal. 597, 189 P. 271.

In construing the instrument, "the intention of the parties, is to be pursued, if possible." Code Civ.Proc.Cal. § 1859. See, also, Sears v. Ackerman, supra, 138 Cal. 583, 586, 72 P. 171; Lange v. Waters, supra, 156 Cal. 142, 146, 103 P. 889, 19 Ann. Cas. 1207; Coon v. Sonoma Magnesite Co., supra; Pitcairn v. Harkness, supra, 10 Cal.App. 295, 298, 101 P. 809; Edward Barron Estate Co. v. Waterman, 32 Cal. App. 171, 173, 162 P. 410; Moakley v. Los Angeles Pac. Ry. Co., 139 Cal.App. 421, 34 P.(2d) 218, 220.

Civ.Code Cal. § 1069, provides: "A grant is to be interpreted in favor of the grantee, except that a reservation in any grant * * * is to be interpreted in favor of the grantor." See, also, Sears v. Ackerman, supra, 138 Cal. 583, 586, 72

P. 171; Coon v. Sonoma Magnesite Co., supra, 182 Cal. 597, 600, 189 P. 271; Hartwig v. Central-Gaither Union School Dist., 200 Cal. 425, 428, 253 P. 733. Cf. Lange v. Waters, supra, 156 Cal. 142, 146, 103 P. 889, 19 Ann.Cas. 1207; Pitcairn v. Harkness, supra, 10 Cal.App. 295, 298, 101 P. 809.

With these rules in mind we consider the clause in question. Appellants concede that the deed from Unruh to Temple of the land, "Excepting and reserving, however, for road purposes, a strip of land, * * *" conveyed the fee to the 40-foot strip to Temple. They contend, however, that the lease of land, "Excepting a strip of land * * * reserved for road purposes," did not include the 40-foot strip at all, but that it was entirely excepted from the property leased.

In Painter v. Pasadena L. & W. Co., 91 Cal. 74, 81, 27 P. 539, a conveyance of land, with the provision that "a strip ten feet wide * * * is hereby expressly reserved from the above sale," excepted from the conveyance the 10-foot strip. In Los Angeles & R. R. Co. v. New Liverpool Salt Co., 150 Cal. 21, 87 P. 1029, a lease of land, "saving and reserving a strip of land twenty feet in width," excepted the strip from the lease. In Lange v. Waters, supra, a contract of sale described 20 acres, reserving one acre of land, and the one acre of land was held excepted. In Hartwig v. Central-Gaither Union School Dist., supra, a conveyance of land "less one acre and 106 square rods deeded * * * to Gaither school district" excepted from the conveyance the acre and one hundred and six square rods. In Moakley v. Los Angeles Pac. Ry. Co., supra, a conveyance of a right of way "reserving and excepting * * * the right to cross and recross said strip of land and to construct and maintain crossings for vehicles" and with a reversion to the grantors upon nonuser for six months, excepted the fee to the strip of land, but granted an easement to the grantee.

These cases are not exactly in point. The exception was clear and unqualified by any words indicating a reservation.

On the other hand, in Coon v. Sonoma Magnesite Co., supra, where a conveyance of land contained a provision "saving and excepting therefrom a strip of land * * * for a road to be built at some future time," it was held that "The phrase 'for a road' modifies the whole clause,"

and the strip of land was not excepted from the grant, but that an easement over the strip was reserved in the grantor. Likewise in Pitcairn v. Harkness, supra, where a conveyance of land which contained the provision "reserving therefrom a strip of land * * * for street purposes" reserved an easement only in the strip of land, but did not except the fee from the conveyance.

Neither of these cases is exactly in point, because in them the reservation was made at the time of the conveyance. In the instant case, there was no reservation at the time of the lease of a right not theretofore existing, because the reservation was made at the time of the deed from Unruh to Temple.

In the technical sense, there could be no reservation under the terms of the lease, because it was not a new right, a right not theretofore existing. The lease excepted from operation "a strip of land * * * reserved for road purposes." The parties evidently intended to except in the lease only what the lessor did not have; that is, the easement over the strip of land. In other words, the phrase "for road purposes" modified the provision, as did the phrase "for a road" modify the provision in Coon v. Sonoma Magnesite Co., supra. Example of a case where an easement was "excepted" may be found in Anderson v. Willson, 48 Cal.App. 289, 191 P. 1016.

The second question sought to be raised arises from the third, fourth, and fifth assignments, as follows:

"Third: That said court erred as a matter of law, in allowing the admission of the following evidence, to-wit: That it was not the intention of the parties, by the words used in the clause in the lease annexed to the bill of complaint, as Exhibit 'B,' to except therefrom the 40 foot strip of land described.

"Fourth: That said court erred in admitting the following evidence, to-wit: That it was the intention of the parties, by the words used in the clause in the lease annexed to the bill of complaint, as Exhibit 'b,' to reserve an easement over the 40 foot strip of land therein described.

"Fifth: That said court erred in holding that in order to ascertain the intention of the parties, by the words used in the clause excepting the 40 foot strip of land, appearing in Exhibit 'B,' annexed to said bill of complaint, that it was neces-sary to allow evidence thereof in addition to said lease."

None of these assignments raises any question for review. No objection to the evidence nor exception to the ruling of the court is shown. Goldstein v. United States (C.C.A.9) 73 F.(2d) 804; Mullaney v. United States (C.C.A.9) 82 F.(2d) 638. Further, no particular evidence is identified. We do not wish to hazard a guess as to what evidence is meant.

The sixth assignment of error is directed to the sufficiency of the evidence, but is not argued in appellants' brief, and we therefore treat it as abandoned.

Affirmed.

NETERER, District Judge, concurs in affirmance.