(31 Abb. N. C. 422.)

PEOPLE'S TRUST CO. v. SMITH.

(Supreme Court, Special Term, New York County. June, 1894.)

CHARITIES—VALIDITY OF BEQUEST.
    Laws 1869, c. 413, creating a charitable corporation, authorizes it to take property by gift, purchase, devise, or otherwise, subject to all provisions of existing laws in relation to "devises," and provides that it shall be "entitled" to all the provisions and privileges of law relating to charitable institutions. Laws 1848, c. 319, provides that a devise or bequest to any charitable organization organized under that act shall be void unless the will is executed two months before the testator's death. *Held*, that

the corporation created by the former act could take "personal property" given by will, though the will was not executed two months before the testator's death.

Action by the People's Trust Company, executor of Eliza Smith, against John J. Smith and others, for the construction of a will.

Wingate, Cullen & Miller, for plaintiff.

Dunning & Fowler, for defendant Smith.

Arnold, Green & Patterson, for defendant Mason.

W. F. Dunning, for defendant Association for the Relief of Indigent Females.

Townsend, Dyett & Einstein, for defendant Presbyterian Home for Aged Women.

INGRAHAM, J.    The only question presented is whether the provisions contained in section 6 of the act of 1848 for the incorporation of benevolent and charitable corporations, which invalidates the bequests contained in a will which had not been made and executed at least two months before the death of the testator, is binding upon the defendant the Presbyterian Home for Aged Women. This corporation was created by special act of the legislature (Laws 1869, c. 413), and is thereby "authorized to take and hold, by gift, purchase, devise or otherwise, subject to all provisions of existing laws in relation to devises by last will and testament, * * * and shall be entitled to all the provisions and privileges of law relating to charitable institutions."    The next of kin of the testatrix claim that the bequest of one-half of the residuary estate to this corporation is not valid, because the testatrix died within two months after the execution of the will; it being claimed that the limitation of the right of a corporation organized under the general act of 1848 to take by virtue of bequests contained in a will applied to this corporation.    Two provisions of the act of 1869 are relied on to make the act of 1848 applicable:    First, that the authority to take, given by the act of 1869, being made subject to all provisions of existing laws in relation to devises by last will and testament, it was the intention to include the provision of law regulating bequests, so that the word "devise" should be considered to mean any gift of property, either real or personal, by a last will and testament.    The word "devise" has a well-defined legal meaning.    It is a gift of real property by a person's last will and testament, and the object must, therefore, be that kind of property.    Bouv. Law Dict.    And although the courts have, in order to give effect to a testator's evident intention, included personal property as covered by the word "devise" when used in a will such a meaning has never been given to the word in order to restrict or abridge a right or privilege granted, where it was not necessary to carry a clearly expressed intention into effect.    The right of this corporation to take this bequest does not come from the act of 1848.    It is given by the special act of incorporation in the most general terms, being made subject to the provisions of existing laws in relation to devises by last will and testament.    The act of 1848 is not mentioned, and I do not think it could be said that the provision of the act in question is a law in

relation to last wills generally; it is only a limitation as to the power of corporations organized under its provisions to take property by virtue of a devise or bequest.    There were many corporations in existence, at the time of the passage of the act of 1869, authorized to take by devise or bequest without this limitation, and I can see no reason why the provisions which are contained in such acts are not as applicable to this corporation as the provisions of the act of 1848.    There is here no clearly defined intention of the legislature that this provision in the act of 1869 should have reference at all to the act of 1848, or that the limitation as to corporations organized under that act should apply to this corporation; and there is nothing to show that the legislature had the intention, by the insertion of this clause, to restrict the right of this corporation to take any bequest.

The second claim made by the next of kin is that the words "shall be entitled to all the provisions and privileges of law relating to charitable institutions" made this limitation in the act of 1848 applicable to this corporation.    It is not entirely clear what the word "entitled," as used in this connection, means.    To "entitle" is defined as "to give a title, right, or claim; to give a right to demand or receive; to furnish with grounds for claiming, with a direct object of the person claiming, and a remote object of the thing claimed." It is directly opposed to the idea of imposing an obligation or limitation, but gives to the person named a right to demand or receive. Thus, when this corporation was said to be entitled to all the provisions and privileges of law relating to charitable institutions, it was given the right to have and enjoy the provisions and privileges; not to have imposed upon it limitations and disabilities which it did not ask for.    By reference to section 6 of the act (1 Laws 1869, 937) it will be seen that very different language was used when it was the intention to impose upon the corporation the limitations and restrictions contained in another act of the legislature.    I think it clear, therefore, that this corporation is entitled to take an undivided half of the testatrix's property upon the death of the beneficiaries for life, and judgment is directed accordingly; costs of all parties to be paid out of the estate; judgment to be settled on notice.