[Civ. No. 1807.   First Appellate District.—November 23, 1916.]

EDWARD BARRON ESTATE COMPANY (a Corporation), Appellant, v. W. M. WATERMAN et al., Respondents.

LEASE—RULES OF CONSTRUCTION.—The scope, purpose, and effect of a lease must be determined from a consideration of it as a whole rather than by a resort to any individual clause thereof, and so construed it must be given such an interpretation as will make it effective in conformity with the intention of the parties; if its terms are in any way ambiguous or uncertain it must be interpreted in the sense in which the lessee believed at the time of making it that the lessor understood it, and if different constructions of its clauses may be otherwise equally proper, that construction must be given

which will be most favorable to the party in whose favor the clauses in controversy were made.

ID.—TERM OF LEASE—DELAY IN COMPLETION OF PREMISES.—A provision in a lease, which designates dates for the commencement and termination of the term, that in case the demised premises shall not be finished and ready for occupancy by the date named for the commencement of the term, the rent reserved shall abate and not be payable until the premises are ready, and that the failure to have the premises ready shall not be a cause for vacating the lease, but that the term of the lease shall be extended so that the lessees shall be entitled to the premises for the full term, is intended for the benefit of the lessees, and they are under no obligation to retain the premises beyond the date definitely designated for the termination of the term.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, for Appellant.

Theodore L. Breslauer, for Respondents.

LENNON, P. J.—This is an action for rent, and the only point presented in support of the plaintiff's appeal from the judgment entered in favor of the defendants involves the construction of certain clauses of a lease executed by the M. Fisher Company to the defendants on December 12, 1908, of certain premises in a building which was then in course of construction. Although the lease at the outset granted the demised premises to the defendants "for the period of five years commencing on the 15th day of January, 1909, and ending on the 14th day of January, 1914, at the monthly rental of $250," nevertheless, a subsequent clause of the lease provided that, "In case the demised premises shall not be finished and ready for occupancy by the 15th day of January, 1909, the rent hereinbefore reserved shall abate and shall not be payable until said demised premises are ready for occupancy; but it is expressly understood that the failure to have said demised premises ready for occupancy by the 15th day of January, 1909, shall not be a cause for vacating, annulling or rescinding this lease, nor shall the lessees by reason thereof be entitled to any damage, rebate or recoupment except the

rent hereinbefore expressly provided and agreed upon; but in that event the term of this lease shall be extended so that the lessee shall be entitled hereunder to the occupancy of the leased premises for the full term and period of five years from and after the date when said premises shall be ready for occupancy.'' The demised premises were not made ready for occupancy until April 1, 1909, at which time the defendants entered into possession of the premises and remained therein under the terms of the lease until January 14, 1914. In the month of May, 1911, the lessor, M. Fisher Company, conveyed its interest in the lot of ground upon which was situate the building in which the demised premises were located, together with its interest in the lease, to the plaintiff. The defendants paid the stipulated rent for the full time that they actually occupied the premises, but after they had vacated the same the plaintiff made demand upon them for the payment of rent from January 15 to April 1, 1914. This demand, which was refused, was predicated upon the theory that the lease obligated the defendants to occupy or pay rent for the demised premises for a full term of five years from April 1, 1909, the date of the actual occupancy of the premises.

The scope, purpose, and effect of the lease of course must be determined from a consideration of it as a whole rather than by a resort to any individual clause thereof (Civ. Code, sec. 1641). So construed the lease must be given such an interpretation as will make it effective in conformity with the intention of the parties (Civ. Code, sec. 1643); and if its terms are in any way ambiguous or uncertain it must be interpreted in the sense in which the lessee believed at the time of making it that the lessor understood it (Civ. Code, sec. 1649); and if different constructions of its clauses may be otherwise equally proper, that construction must be given which will be most favorable to the party in whose favor the clauses in controversy were made (Code Civ. Proc., sec. 1864). Furthermore, the words of a contract, save in certain excepted cases not involved here, must be taken and applied in their usual and ordinary sense (Civ. Code, sec. 1644). The word ''rebated'' was doubtless used in the ordinary sense. Ordinarily, says Webster, ''to rebate'' means ''to deduct from.'' The word ''entitled'' evidently was likewise employed in the lease, and is generally and ordinarily understood to mean to give ''the right to demand or receive . . . to furnish with good

grounds of seeking''; and as thus defined has been judicially declared to be opposed diametrically to the idea of the imposition of an obligation. (15 Cyc. 1085; 11 Am. & Eng. Ency. of Law, 50; *People's Trust Co.* v. *Smith,* 31 Abb. N. C. 422, [30 N. Y. Supp. 342].)

Tested by the foregoing statutory rule for the ascertainment of the intent of the parties to a contract (Civ. Code, sec. 1637), we have no doubt but that the trial court correctly concluded that the lease in controversy was sufficiently certain in its designation of the commencement and termination of the leasehold term, and also in its expression of the intent of the parties not to extend such term beyond January 14, 1914, save at the option of the lessees. In other words, the lease in our opinion was fairly construed by the trial court to mean that although the leasehold interest was to take effect on January 15, 1909, nevertheless if the lessor's delay in completing the demised premises operated to deprive the lessees of the use and occupation thereof on and after the date designated for the commencement of the term, then, and in that event, the rent was to be rebated, that is to say, proportionately deducted for the time that the occupancy by the lessees was delayed through the noncompletion of the building; and the term of the lease, if the lessees so desired, extended for the full period of five years from the date when said premises were ready for occupancy. We think it plain that the extension provision of the lease was intended for the benefit of the lessees rather than the lessor; and if so, must be construed as giving them the privilege of remaining in possession of the premises for the full term of five years from the date of their entry, while not imposing upon them the obligation to remain longer than the term designated in the leases by dates. The defendants, not having exercised the option granted to them for an extension of the leasehold term, were under no obligation to retain the demised premises beyond the date definitely designated in the lease for the termination of the occupancy, and consequently were not obligated to the plaintiffs for the rent claimed to have accrued subsequent to that time.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 23, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1917.

Lawlor, J., dissented from the order denying a hearing in the supreme court.